# Commonwealth v. Fink.

*Criminal law—Unlawful sale of oleomargarine—Sentence—Act of May 5, 1899, P. L. 241.*

Where two indictments are found against the same person for illegal sales of oleomargarine, and the first indictment charges an offense committed on June 3, 1900, and the second indictment charges an offense committed on July 6, 1900, the court has no power to impose a sentence of imprisonment on the first indictment, and merely a fine upon the second indictment, since the act expressly provides that the punishment for the first offense shall be a fine only, and for any subsequent offense a fine and imprisonment.

Argued Dec. 11, 1900. Appeal, No. 192, Oct. T., 1900, by defendants, from judgment of Q. S. Phila. County, June T., 1900, No. 479, sentencing defendant to imprisonment in case of Commonwealth v. Frank J. Fink and Joseph Fayer. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D, PORTER, JJ, Reversed,

Indictment for an illegal sale of oleomargarine. Before Mc-Carthy, J.

The facts are fully stated in the opinion of the Superior Court.

*Error assigned* was in sentencing the defendants to imprisonment.

*James L. Stanton*, for appellants.—A second or subsequent offense is one committed after a former conviction: Rauch v. Com., 78 Pa. 490.

*Charles E. Bartlett* and *Samuel M. Clement, Jr.*, assistant district attorney, with him *Charles L. Brown* and *P. F. Rothermel*, district attorney, for appellee, cited: Com. v. Hagan, 20 Phila. 392; Smith v. Com., 14 S. & R. 69; Com. v. Morrow, 9 Phila. 583; Rauch v. Com., 78 Pa. 490; Kane v. Com., 109 Pa. 541.

Opinion by Orlady, J., January 22, 1901:

The defendants were indicted under the Act of May 5, 1899, P. L. 241, for having in their possession and selling oleomargarine with coloring matter therein in imitation of butter. An indictment to No. 479 of June sessions, 1900, in which the date of the offense is fixed as June 3, 1900, was returned a true bill on June 29. Two similar indictments to Nos. 397 and 398 of August sessions, 1900, in which the date of the offense is laid on July 6, 1900, were returned true bills on August 13.

The defendants entered a plea of guilty in each case, and the court imposed a sentence in No. 479, June sessions, 1900, of "ten days each in Philadelphia County Prison," in No. 397 of August sessions, 1900, a sentence of a fine of $100 each, and in No. 398, August sessions, 1900, no separate sentence was pronounced.

The defendants paid the fine and costs under the sentence in No. 397, August sessions, and entered an appeal from the sentence under No. 479, June sessions. The other cases do not form any part of the record in this case as each is an independent issue in which the judgment of the court of quarter sessions has not been appealed from.

191, (1901).]                Opinion of the Court.

The act of assembly under which the defendants were indicted prescribes the punishment in unmistakable terms : " Every person . . . . upon conviction shall be punished for the first offense by a fine of not less than one hundred dollars nor more than five hundred dollars, and upon his conviction for any subsequent offense shall be punished by a fine of not less than one hundred and fifty dollars nor more than five hundred dollars, or an imprisonment in the county jail for not less than ten nor more than sixty days, or by both fine and imprisonment at the discretion of the court."

In imposing sentences in these three cases the court evidently confused the indictments ; no legerdemain of pleading could declare the crime charged in the indictment found at June sessions to be a subsequent offense to the crime charged in the indictments found at August sessions of that year. Being the first offense in point of time, it could not be subsequent to another offense which was committed a month later.

The error is manifest, the judgment is reversed, and the record is remitted to the court below to proceed and sentence the defendants anew according to law.