## Commonwealth v. Nolt.

*School law—Violation of compulsory attendance—Amount of fine—Former conviction—Notice to defendant—Act of May 18, 1911.*

1. The judgment of a justice of the peace imposing a fine of $5 for violating the Compulsory School Attendance Law cannot be sustained, where the record fails to show a former conviction of defendant for a like offence.

2. Under the Act of May 18, 1911, P. L. 309, where there is a conviction for a first offence, the amount of a fine is limited to $2.

3. Before a parent can be convicted for a violation of the Compulsory School Attendance Law of May 18, 1911, P. L. 309, he must have had from the school superintendent three days' notice of such violation.

4. A conviction for such an offence must show on the justice's record that the three days' notice had been given.

*Certiorari* from justice of the peace. C. P. Berks Co., Feb. T., 1926, No. 33.

*H. Robert Mays* and *Harry R. Matten,* for defendant and exceptions.

*C. H. Ruhl,* for Commonwealth.

SCHAEFFER, P. J.—This case is before us upon *certiorari* from a justice of the peace. The record shows that a hearing upon the charge of violation of the Compulsory School Attendance Law was held at which the defendant was present. According to the record, the justice, after hearing the witnesses, adjudged the defendant guilty and sentenced him to the payment of a fine of $5 and the costs. As the record does not show a former conviction of the defendant for a like offence, the defendant now excepts to the record on the ground that the Act of May 18, 1911, § 1423, P. L. 309, under which this prosecution was brought, limits the amount of the fine for first offence to $2. We are of the opinion that this exception must be sustained. In order to support a fine of $5 which may be imposed "for each succeeding offence," the record must affirmatively show a former conviction, which is a fact to be found, in cases of summary conviction, by the justice: Com. *v.* Hagen, 10 Pa. C. C. Reps. 22; Com. *v.* Fink, 16 Pa. Superior Ct. 191; Com. *v.* Neill, 16 Pa. Superior Ct. 210; Rauch *v.* Com., 78 Pa. 490; Kane *v.* Com., 109 Pa. 541.

The act of assembly further provides that, "before any proceedings are instituted against any parent . . . for failure to comply with the provisions of this act, such offending person shall have three days' written notice given him by the superintendent of public schools . . . of such violation." The record before us fails to reveal that any such notice or notice of any kind was given to the defendant before this suit was instituted. The act of assembly makes such notice a prerequisite to the institution of a prosecution, and it is evident, therefore, that no conviction can be sustained where the record does not set forth that such notice had been given.

And now, to wit, May 3, 1926, the exceptions to the magistrate's record are sustained and the judgment is reversed.

From Charles K. Derr, Reading, Pa.