## Commonwealth v. Neill.

*Criminal law—Oleomargarine—First offense—Sentence—Act of May 5, 1899, P. L.* 241.

To warrant the court in sentencing a defendant to jail under the act of May 5, 1899, the record must affirmatively show that he has been convicted of a subsequent offense ; which, in contemplation of the act, is one that has been adjudicated according to law subsequent to a former conviction of the same defendant of an offense of the same character committed prior to the offense charged in the second indictment.

Submitted Jan. 15, 1901.   Appeal, No. 194, Oct. T., 1900, by defendant, from judgment of Q. S. Phila. Co., June T., 1900, No. 390, sentencing defendant to jail in case of Commonwealth v. John L. Neill.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Indictment for illegal sale of oleomargarine.   Before MC-CARTHY, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in sentencing the defendant to jail.

*Henry K. Fries,* for appellant.—An offense, to be a second or subsequent offense under the act, and hence warranting the

punishment by imprisonment, must be committed after a previous conviction: Rauch v. Com., 78 Pa. 490 ; Smith v. Com., 14 S. & R. 69 ; Com. v. Kelly, 13 Phila. 422 ; Wharton on Criminal Pleading & Practice, sec. 935 ; Kane v. Com., 109 Pa. 541 ; Huntzinger v. Com., 97 Pa. 341.

*Charles E. Bartlett, Charles L. Brown* and *Samuel M. Clement, Jr.,* assistant district attorney, and *P. F. Rothermel,* district attorney, for appellee.

OPINION BY ORLADY, J., January 22, 1901 :

The jury impaneled in this case was sworn to try two issues between the commonwealth and John L. Neill, the offense alleged in each being, violating the provisions of the Act of May 5, 1899, P. L. 241, known as the oleomargarine law. The verdict in each case was guilty, and the court sentenced the defendant in No. 254, June sessions (in which the date alleged is April 16, 1900) to pay a fine of $100.

In No. 390, June sessions (the date alleged being April 12, 1900) the defendant was sentenced to " imprisonment for ninety days in the Philadelphia County Prison." No appeal was taken from the judgment entered in No. 254, June sessions, though the record in that case being a part of the trial of the case in which this appeal to No. 390 is taken, is necessarily before us.

The identity of the defendant, as the same person who was sentenced in No. 254, June sessions, is clearly established by the record. It further shows that the offense charged in No. 390 was prior in time to that charged in No. 254, though in imposing sentences the court inadvertently reversed the order of date, and imprisoned the defendant as if the conviction in No. 390 was for a subsequent one.

The statute provides the punishment for its violations, and the court has no power to alter or vary it; upon conviction for the first offense, " a fine of not less than one hundred dollars and not more than five hundred dollars," may be imposed, and upon conviction for " any subsequent offense" the prescribed punishment may be, " a fine of not less than one hundred and fifty dollars and not more than five hundred dollars and by imprisonment in the county jail for not less than ten days and not

more than sixty days, or by both fine and imprisonment at the discretion of the court."

To warrant the court in sending defendant to jail under this act, the record must affirmatively show that he has been convicted of a subsequent offense, which, in contemplation of this act, is one that has been adjudicated according to law subsequent to a former conviction of the same defendant of an offense of the same character, committed prior to the offense charged in the second indictment.

The judgment is reversed and the record is remitted to the court below to sentence the defendant anew according to law.