621 A.2d 990

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Eric DICKERSON, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 7, 1992.

Decided March 17, 1993.

Dennis C. McAndrews, Ronald Eisenberg, Deputy Dist. Attys., Catherine Marshall, Chief, Appeals Div., for amicus, Dist. Atty. of Philadelphia.

Vincent G. Iannello, Jr., Media, John W. Packel, Chief, Appeals Div., for amicus, Defender Ass'n of Philadelphia.

Peter Rosalsky, Philadelphia.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This case requires the interpretation of two provisions of the Sentencing Code—mandatory minimum sentencing for repeat offenders and computation of prior record score under the sentencing guidelines. The sentencing court held that enhanced sentencing provisions applied at appellee's second sentencing even though he had committed the second offense prior to his conviction for the first. The Superior Court reversed, holding that the enhanced sentencing provisions could not be imposed unless the second offense was committed after conviction for the first offense.

Appellee committed rape and involuntary deviate sexual intercourse on two separate women within hours of each other during the evening of New Years Eve, 1986. Two separate sets of charges resulted from the attacks. Both rapes were committed at knifepoint with appellee dragging his victims from the street into abandoned buildings.

On February 11, 1988, appellee was convicted by a jury of the first rape and related offenses. On September 13, 1988, he was sentenced to serve an aggregate prison term of seven and one-half to fifteen years. Judgment of sentence was affirmed by the Superior Court on July 31, 1989.

On April 4, 1989, appellee entered a plea of guilty on the second rape and related charges. At the time of his plea, he was aware of the Commonwealth's intent to proceed under the

mandatory sentencing provisions of 42 Pa.C.S. § 9714, relating to second and subsequent offenses. In addition, appellee's prior record score in the sentencing guideline form reflected his prior rape conviction. On April 10, 1989, appellee was sentenced for the crimes relating to the second rape to a term of ten to twenty years incarceration, consecutive to the sentence for the first rape. Following additional hearings regarding appellee's motions to modify sentence, the trial court reduced the sentence on the second offense to a prison term of seven and one-half years, again to be served consecutively to the first sentence.

On appeal of the second judgment of sentence, the Superior Court vacated the sentence, holding that the mandatory minimum sentencing statute and the sentencing guidelines do not apply unless the second offense occurs after conviction for the first offense. We allowed the Commonwealth's appeal in order to review this interpretation of the relevant statutes.

The recidivist sentencing statute, in pertinent part, reads as follows:

### § 9714.  Sentences for second and subsequent offenses

**(a) Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, arson . . ., kidnapping or robbery . . . or attempt to commit any of these crimes, or who is convicted of aggravated assault in which the offender intentionally, knowingly or recklessly causes serious bodily injury to another under circumstances manifesting extreme indifference to the value of human life, shall, if they have previously been convicted of a crime of violence as specified in subsection (b), be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

**(b) Prior convictions for crimes of violence.**—For the purposes of subsection (a), an offender shall be deemed to

have prior convictions for crimes of violence if both of the following conditions hold:

(1) The offender was previously convicted in this Commonwealth or any other state or the District of Columbia or in any Federal court of murder, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery ..., arson ..., kidnapping or aggravated assault in which the offender intentionally, knowingly or recklessly causes serious bodily injury to another under circumstances manifesting extreme indifference to the value of human life, an equivalent crime under the laws of the Commonwealth in effect prior to the effective date of Title 18 (relating to crimes and offenses) or an equivalent crime in another jurisdiction. The previous conviction need not be for the same crime as the instant offense for this section to be applicable.

*(2) The previous conviction occurred within seven years of the date of the commission of the instant offense,* except that any time during which the offender was incarcerated in any penitentiary, prison or other place of detention shall not be considered in computing the relevant seven-year period. Convictions for other offenses arising from the same criminal episode as the instant offense shall not be considered previous convictions for the purpose of this section. For purposes of this section previous conviction shall include any conviction, whether or not judgment of sentence has been imposed or litigation is pending concerning that conviction.

42 Pa.C.S. § 9714 (emphasis added).

The emphasized portion of the statute provides that the mandatory minimum five-year sentence will not be imposed unless "the previous conviction occurred within seven years of the date of the commission of the instant offense." We understand the quoted language to mean "within seven years *prior to* the date of the commission of the instant offense." The Commonwealth argues that it means "within seven years *before or after* the date of the commission of the instant offense." The dispute arises because the legislature apparent-

ly did not consider the anomaly posed by appellee's criminal behavior. In cases of recidivism, we expect the following sequence of events: first offense, first conviction, first sentencing, second offense, second conviction, second sentencing. In such a situation, the legislature provided that the mandatory minimum sentence would be imposed at the second sentencing if the first conviction occurred within seven years prior to the commission of the second offense. If the first conviction occurred more than seven years before the second offense, the legislature did not consider the criminal sufficiently blameworthy to merit the enhanced minimum sentence. The sequence of events in this case, however, was: first offense, second offense, first conviction, first sentencing, second conviction, second sentencing. We hold that, in this sequence, the mandatory minimum sentencing statute does not apply because the first conviction did not occur within seven years prior to the commission of the second offense.

■ Although appellant mockingly refers to it as the "ancient 'hardeneth his neck' philosophy," we are persuaded that the rationale of the Superior Court is correct:

This Court long ago articulated the theory underlying habitual criminal legislation, as follows:

It was not intended that the heavier penalty prescribed for the commission of a second offense should descend upon anyone, except the incorrigible one, who after being reproved, 'still hardeneth his neck.' If the heavier penalty prescribed for the second violation ... is visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost.

*Commonwealth v. Dickerson*, 404 Pa.Super. 249, 258, 590 A.2d 766, 771 (1991), quoting *Commonwealth v. Sutton*, 125 Pa.Super. 407, 413, 189 A. 556, 558 (1937). The point of sentence enhancement is to punish more severely offenders who have persevered in criminal activity despite the theoretically beneficial effects of penal discipline. *Commonwealth v. Wolfe*, 349 Pa.Super. 415, 419, 503 A.2d 435, 437 (1986), *allocatur granted*, 514 Pa. 617, 521 A.2d 932 (1986), *appeal dismissed*, 517 Pa.

406, 537 A.2d 1370 (1988). In numerous cases, the court has unwaveringly applied the same rule. *See Commonwealth v. Eyster,* 401 Pa.Super. 477, 585 A.2d 1027 (1991) (en banc); *Commonwealth v. Becker,* 366 Pa.Super. 54, 530 A.2d 888 (1987) (en banc), *allocatur denied,* 520 Pa. 586, 551 A.2d 213 (1988); *Commonwealth v. Kearns,* 365 Pa.Super. 13, 528 A.2d 992 (1987); *Commonwealth v. Wolfe, supra; Commonwealth v. Mourar,* 349 Pa.Super. 583, 504 A.2d 197 (1986) (en banc), *vacated and remanded on other grounds,* 517 Pa. 83, 534 A.2d 1050 (1987); *Commonwealth v. Calio,* 155 Pa.Super. 355, 38 A.2d 351 (1944); *Commonwealth v. Sutton, supra; Commonwealth v. Neill,* 16 Pa.Super. 210 (1901). The rule, though hoary with age, is nonetheless viable.

Moreover, other language in the statute supports our interpretation. The same sentence previously discussed, the first sentence of § 9714(b)(2), states that "any time during which the offender was incarcerated ... shall not be considered in computing the relevant seven-year period." We think it plain that "the relevant seven-year period" refers to the seven years prior to the date of the commission of the second offense, rather than to the seven years *before or after* the date of the second offense advocated by the Commonwealth, which, of course, produces a fourteen-year period.

■ In addition, when a statute is not entirely free of ambiguity, we are subject to the rules of statutory construction enacted by the legislature. The provision that statutory penal provisions shall be strictly construed, 1 Pa.C.S. § 1928(b)(1), also requires the reading we adopt with regard to the mandatory minimum sentencing statute.

■ The Superior Court made a consistent ruling with regard to the computation of appellee's prior record score under the sentencing guidelines. The prior record score at appellee's second sentencing reflected the first rape, though appellee's conviction therefor had occurred after the commission of the second offense. At the time of appellee's sentencing, the legislation enabling the Pennsylvania Commission on Sentencing to adopt sentencing guidelines provided as follows:

## § 2154. Adoption of guidelines for sentencing

The commission shall adopt guidelines for sentencing within the limits established by law which shall be considered by the sentencing court in determining the appropriate sentence for felonies and misdemeanors committed by a defendant. The guidelines shall:

(1) Specify the range of sentences applicable to crimes of a given degree of gravity.

(2) Specify a range of sentences of increased severity for defendants previously convicted of a felony or felonies or convicted of a crime involving the use of a deadly weapon.[1]

(3) Prescribe variations from the range of sentences applicable on account of aggravating or mitigating circumstances.

42 Pa.C.S. § 2154. The Superior Court held that a prior record score should not include a prior offense unless the prior offense resulted in a conviction before the commission of the later offense. Its reasoning was the same as that employed with respect to mandatory minimum sentences—viz., that a defendant should not be subject to a sentence of increased severity for recidivism unless he has had the benefit of the reproof of a first conviction prior to committing the second offense. For the same reason, we affirm the order of the Superior Court, holding that a prior record score under the sentencing guidelines cannot include a prior offense which has not resulted in a conviction before the later offense was committed.

1. The second subsection of § 2154 was amended on December 11, 1986, effective in 60 days, to read as follows:

(2) Specify a range of sentences of increased severity for defendants previously convicted of or adjudicated delinquent for one or more misdemeanor or felony offenses committed prior to the current offense. For purposes of this section "previously convicted or adjudicated delinquent" shall include any finding of guilt or adjudication of delinquency whether or not sentence has been imposed or disposition ordered prior to the commission of the current offense.

42 Pa.C.S. § 2154(a)(2).

The foregoing issues arose in the context of ineffectiveness claims, wherein appellee alleged that trial counsel was ineffective at sentencing in failing to challenge the Commonwealth's invocation of the mandatory minimum sentence statute and inclusion of the first rape in computing appellee's prior record score under the sentencing guidelines. The Superior Court held that appellee's underlying claim had merit, and, further, that appellee was prejudiced by counsel's omission. The court remanded for a hearing at which trial counsel should be permitted to explain his reasoning or strategy in failing to object to the improper application of the sentencing statutes. *See Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth v. Turner*, 469 Pa. 319, 365 A.2d 847 (1976). We find no error in the Superior Court's disposition of the case.

Accordingly, we affirm the order of the Superior Court vacating the sentence and remanding to the trial court to permit counsel to explain his actions at appellee's sentencing. If he fails to offer a satisfactory explanation, appellee is entitled to be resentenced in accordance with this opinion, and the sentencing court will be free to impose a sentence of equal or lesser severity. If trial counsel provides reasons for his actions which had a reasonable basis designed to effectuate his client's interest, appellee's sentence shall be reinstated.

Order affirmed.

LARSEN, J., files a dissenting opinion in which PAPADAKOS, J., joins.

LARSEN, Justice, dissenting.

I dissent. Section 9714(b)(2) clearly and unambiguously provides that:

> *The previous conviction occurred within seven years of the date of the commission of the instant offense,* except that any time during which the offender was incarcerated in any penitentiary, prison or other place of detention shall not be considered in computing the relevant seven-year period. Convictions for other offenses arising from the same crimi-

nal episode as the instant offense shall not be considered previous convictions for the purpose of this section. A previous conviction shall include any conviction, whether or not litigation is pending concerning that conviction.

42 Pa.C.S. § 9714 (emphasis added). Thus, if the previous conviction occurred at any time "within seven years of the date of the commission of the instant offense," the mandatory minimum sentencing statute applies.

The majority, however, disregards the clear and unambiguous letter of the law under the pretext of pursuing its spirit, which is prohibited by the rules of statutory construction. 1 Pa.C.S.A. § 1921(b). In effect, by construing 42 Pa.C.S. § 9714(b)(2) to mean "within seven years *prior to* the date of the commission of the instant offense," the majority has usurped the power of the legislature and rewritten the statute, ignoring the purpose of the statute which is to protect society from repeat violent offenders (in this case, a multiple rapist).

Consequently, the undeniable result of the majority's interpretation is that defendants, such as appellee, are free to engage in the commission of multiple violent crimes without fear of the mandatory minimum sentencing statute—so long as the defendant commits these various offenses within the, oftentimes, lengthy amount of time it takes to be apprehended, convicted and sentenced on the initial offense. This is clearly not the result the legislature intended and certainly not what the law abiding public deserves.

PAPADAKOS, J., joins in this dissenting opinion.