Justice EAKIN,
dissenting.
The decision to expressly adopt a portion of the Superior Court’s opinion as binding precedent of this Court is not our common practice, and in my judgment is best reserved for areas less in controversy than this. See, e.g., Commonwealth v. Greene, 623 Pa. 23, 81 A.3d 829, 829-30 (2013) (Castille, C.J., dissenting statement) (noting this Court’s reluctance to adopt lower court’s opinion by per curiam order); see also id., at 830 (“ ‘When this Court affirms a judgment on the opinion of a lower [c]ourt, it of course adopts the lower [c]ourt’s opinion as its own and is thus responsible for its reasoning, conclusions, and phraseology as much as if it had come from the collective pens of the majority of the Supreme Court.’ ” (quoting Satovich v. Lee, 385 Pa. 133, 122 A.2d 212, 215 (1956) (Musmanno, J., dissenting))).
Respectfully, the reasoning of the Superior Court’s opinion here is largely the acknowledgement of the “recidivist theory” from case law which that court is constrained to follow. However, this precludes any meaningful discussion of the distinction arising in the present case, which is not addressed in the cited cases. In so doing, the Superior Court’s decision must be read as implementing a new rule of law that, where a defendant has not been previously sentenced under § 9714(a), he is not eligible to receive a sentence under § 9714(b), regardless of the empirical applicability of that section. See Commonwealth v. Armstrong, 74 A.3d 228, 239-42 (Pa.Super.2013). The Superior Court relied primarily on Shijfler, which involved a sequence of events different from those at hand; while I did not participate in that decision, I do not read it as creating such a broad notion, i.e., that the failure to sentence under § 9714(a) forever precludes sentencing under § 9714(b).
*623 Section 9714 is a straightforward statute, though its scheme has been muddled and made intricate (and by no means settled) by case law in which this Court has not been unanimous. While distinguishing the instant matter from cited precedent, the Superior Court applied the “recidivist theory,” thereby approving another circumstance where § 9714 may not be applied despite the unambiguous language of the statute. See id., at 242 (“Instantly, [a]ppellant’s case differs from those in [Commonwealth v.] Shiffler, [583 Pa. 478, 879 A.2d 185 (2005), and Commonwealth v.] McClintic, [589 Pa. 465, 909 A.2d 1241 (2006) ], in that he was not sentenced simultaneously to the predicate offenses at issue.”).
Before us are facts this Court has yet to address under the current provisions of § 9714. While this Court considered a similar criminal-history background in Commonwealth v. Dickerson, 533 Pa. 294, 621 A.2d 990, 991-92 (1993), that case involved a substantially different version of § 9714; this statute has been amended with great regularity in the intervening 20 years. The question is whether the present statute’s language is rendered nugatory by the “recidivist theory.”[1]
However, § 9714’s current language not only allows a third-strike sentence under the present facts — on its face, it mandates it. Its application is not jumbled by ambiguity: it applies if “at the time of the commission of the current offense” the defendant had two or more “convictions” from “separate criminal transactions.” The statutory scheme is straightforward and unambiguous — at the time of the present crime, how many prior convictions does the defendant have? At the time he committed the crime at issue here, appellee had at least two such convictions and they were not from the same criminal transaction. As the answer here is two, and they were not for the same criminal transaction, § 9714 applies.
*624 Or so it would seem. My point is that if this statute is to be trumped by the recidivist theory, explanation and pronouncement should come from this Court. Such advocacy on the merits that I offer is not to express what the outcome of this case should be, but is meant only to highlight that appellee presents a colorable argument. I dissent solely to note that if the recidivist theory is to render clear statutory language irrelevant, under this previously unaddressed scenario, it should not happen through the back door of adopting a portion of a Superior Court opinion.
Justice STEVENS joins this dissenting statement.

. The roots of the theory are not grounded in statute. The Dickerson Court adopted the Superior Court’s rationale concerning recidivism. See id., at 992 (quoting Commonwealth v. Dickerson, 404 Pa.Super. 249, 590 A.2d 766, 771 (1991)). That adopted rationale was directly quoted from Commonwealth v. Sutton, 125 Pa.Super. 407, 189 A. 556 (1937). See Dickerson, 590 A.2d at 771 (quoting Sutton, at 558).