[J-7-2014] [MO: Saylor, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 18 EAP 2013 |
| | : |
| Appellant | : Appeal from the Judgment of Superior |
| | : Court entered April 28, 2011 [reargument |
| | : denied on 07/06/2011] at No. 3075 EDA |
| v. | : 2009 vacating/remanding the Judgment of |
| | : Sentence entered on August 5, 2005 in |
| | : the Court of Common Pleas, Criminal |
| RUDOLPH FIELDS, | : Division of Philadelphia at Nos. CP-51- |
| | : CR-1102011-2001 and CP-51-CR- |
| Appellee | : 1102031-2003 |
| | : |
| | : ARGUED:  March 11, 2014 |

## DISSENTING OPINION

**MR. JUSTICE BAER**                            **DECIDED:  December 31, 2014**

As recounted by the Majority, Rudolph Fields (Appellee) committed four crimes of violence in a single criminal episode in 2002, ten years after pleading guilty to two other crimes of violence in 1992.  The trial court considered Appellee to be a second-strike offender four times over, pursuant to the second-strike offender portion of the recidivism statute, 42 Pa.C.S. § 9714(a)(1), which provides:

> (1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

42 Pa.C.S. § 9714(a)(1).

The trial court, accordingly, sentenced Appellee to four consecutive second-strike mandatory minimum sentences of ten to twenty years of incarceration for each of the four crimes of violence (40 to 80 years in the aggregate), in addition to consecutive terms of incarceration for related offenses, resulting in a total sentence of confinement of 45½ to 91 years. The Superior Court reversed, relying on our decision in Commonwealth v. McClintic, 909 A.2d 1241 (Pa. 2006) (interpreting the third-strike counterpart of the recidivism statute to permit only one of multiple crimes committed by a third-strike offender during a single criminal episode to warrant the mandatory minimum sentence required by Section 9714(a)(2)).[1] The Superior Court considered McClintic controlling and held that Appellee was subject to a single second-strike sentence enhancement for multiple crimes of violence committed during the criminal episode. The Majority reverses the Superior Court, holding that the distinct language of Section 9714(a)(1) removes this case from the reach of McClintic, and permits multiple second-strike enhancements for each crime of violence. Because I believe the Superior Court properly interpreted the relevant statutory

---

[1]     This section provides as follows:

    (2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

42 Pa.C.S. § 9714(a)(2).

language of Section 9714(a)(1) consistently with the recidivism philosophy as articulated in McClintic, I respectfully dissent.

In McClintic, the appellant was convicted of two crimes of violence arising out of the same incident and, due to two prior convictions for crimes of violence, qualified as a "three-strikes offender." The trial court sentenced him to two consecutive third-strike sentences. This Court reversed, addressing whether it was permissible for the trial court to impose two separate sentence enhancements for two crimes that the appellant committed during the same criminal episode. We emphasized the recidivist philosophy underlying Section 9714(a)(2), and held that the trial court committed error in sentencing the appellant to two sentence enhancements. Relying on Commonwealth v. Dickerson, 621 A.2d 990 (Pa. 1993) and Commonwealth v. Shiffler, 879 A.2d 185 (Pa. 2005), we held that Section 9714(a)(2) required the sentence enhancement only where a repeat offender's convictions for crimes of violence are sequential and each is separated by an opportunity to reform. McClintic, 909 A.2d at 1251. Determining that the sentence enhancement applied just once to all crimes committed during a single incident, we held that "each strike that serves as a predicate offense must be followed by sentencing and, by necessary implication, an opportunity to reform, before the offender commits the next strike." Id. at 1252. Because the appellant's two crimes of violence for which the trial court had imposed third-strike minimum sentences were committed during the same criminal transaction, without sequential convictions, sentences, and opportunities to reform, we held that the sentence did not comport with the recidivist philosophy.

Appellee in this case received four second-strike sentences for offenses committed in the same criminal episode, which I believe to be directly contrary to our reasoning in McClintic. Although the Majority offers a textual analysis of the distinct provision

applicable to second-strike offenders, see 42 Pa.C.S. § 9714(a)(1), to distinguish McClintic and limit it to Section 9714(a)(2), I am not persuaded that there is a material distinction in the two subsections sufficient to warrant inconsistent interpretations for the reasons expressed by the Superior Court and argued by the Defender Association of Philadelphia as *amicus*, as described in the Majority Opinion.

Although there is additional language in the third-strike provision that is not present in the second-strike provision ("[w]here the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence *arising from separate criminal transactions. . ."* (emphasis added)), each subsection establishes the penalty for a person convicted of a current crime of violence based on a previous conviction of a crime of violence, 42 Pa.C.S. § 9714(a)(1), or previous convictions for two or more crimes of violence arising from separate criminal transactions, 42 Pa.C.S. § 9714(a)(2). There is no material distinction in this statutory language relevant to the predicate offense or offenses.

In addition, Section 9714(a)(1) contains language which indicates that the legislature intended this section also to reflect the recidivist philosophy that guided this Court in McClintic. This provision requires that the court provide "second-strike offenders" with a warning of the consequences of a third strike, which carries a mandatory minimum sentence of 25 years of total confinement. The Majority's construction of Section 9714(a)(1) requires a trial court to impose multiple mandatory minimum sentences, outside of the trial court's discretion and therefore without explanation or justification tied to specific circumstances, which, if imposed consecutively, would exceed the sentence applicable to a third-strike offender, whenever a district attorney has charged, and the defendant has been convicted, of multiple overlapping crimes of violence arising in a single

criminal episode. Having interpreted Section 9714(a)(2) to require a single sentence enhancement per criminal episode, and having noted specific statutory language in support of that interpretation, I am not persuaded that we should interpret these sections differently. The recidivist philosophy that animated McClintic was held to permit one enhancement per criminal episode; a result that should apply equally to second as well as third-strike offenders.

I acknowledge that Appellee's criminal episode included horrific crimes and that the trial court herein, which imposed consecutive minimum terms for each of Appellee's crimes of violence committed during the 2002 criminal episode, explained in its opinion that the sentence was within the statutory maximum and that it would have imposed the same sentence regardless of the enhancements in Section 9714(a)(1). Applying a single mandatory sentence enhancement to all crimes of violence committed in the single incident would maintain the recidivist philosophy we have consistently applied when interpreting the sentence enhancements contained in the recidivist sentencing statute while continuing to permit the trial court, within its discretion, to impose the precise sentence Appellee received. I would have no objection to that given the underlying facts.