J-A14031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

ADAM RUSSELL LANE,

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1232 MDA 2015

Appeal from the Judgment of Sentence June 18, 2015
in the Court of Common Pleas of Wyoming County
Criminal Division at No.: CP-66-CR-0000436-2014

BEFORE: BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED SEPTEMBER 29, 2016**

Appellant, Adam Russell Lane, appeals from the judgment of sentence imposed pursuant to his open guilty plea to statutory sexual assault, unlawful contact with a minor, and corruption of minors.[1] We affirm.

We take the following facts from the trial court's September 15, 2015 opinion and our independent review of the record. On April 4, 2014, in a case preceding this one, Appellant pleaded guilty to corruption of minors for his conduct of engaging in sexual intercourse with a minor under the age of sixteen between September 1, 2012, and April 3, 2013. On June 17, 2014,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3122.1(a)(1), 6318(a)(1), and 6301(a)(1)(ii), respectively.

Appellant was sentenced to a term of not less than six nor more than twenty-three-and-one-half months' incarceration.

On February 4, 2015, the Commonwealth filed a criminal information against Appellant in the present case. The information charged Appellant with multiple counts of involuntary deviate sexual intercourse and related charges for his conduct of engaging in sexual intercourse with a second minor under the age of sixteen between September 1, 2013, and April 30, 2014.

On February 6, 2015, Appellant pleaded guilty in the instant case to the charges of statutory sexual assault, unlawful contact with a minor, and corruption of minors. Prior to sentencing, Appellant was assessed by the Sexual Offender's Assessment Board, which concluded that he did not meet the criteria for a sexually violent predator. On June 10, 2015, with the benefit of a pre-sentence investigation report (PSI), the court sentenced Appellant to consecutive terms of incarceration of not less than sixteen nor more than forty-eight months for statutory sexual assault, not less than eighteen nor more than forty-eight months for unlawful contact with a minor, and not less than fourteen nor more than thirty-six months for corruption of minors, resulting in an aggregate term of not less than forty-eight nor more than 132 months' incarceration. On June 18, 2015, the court entered an amended order to alter the language pertaining to his sexual offender registration requirements. Appellant filed a timely post-sentence

motion on June 22, 2015, which the trial court denied the same day. Appellant timely appealed.[2]

Appellant raises five issues for this Court's review:

I. Did the sentencing court improperly treat Appellant as a recidivist when the court enhanced Appellant's sentence based on his prior conviction because the conduct giving rise to the current case occurred before Appellant's sentencing in the prior case?

II. Is Appellant serving an illegal and unconstitutional sentence because the sentencing court imposed another punishment for a prior offense the court had already sentenced Appellant for?

III. Were Appellant's three sentences all aggravated sentences because the minimums fell at the start of the aggravated guidelines?

IV. Did the sentencing court abuse its discretion and enter a clearly unreasonable sentence when the court imposed three consecutive sentences at the cusp of the standard and aggravated ranges without placing any valid reasons on the record except that "any lesser of a sentence would depreciate the nature of [Appellant's] actions[?"]

V. Does the substantial question requirement under Rule 2119(f) violate Appellant's right under the Pennsylvania Constitution to review of a court of record's decision by an appellate court?

(Appellant's Brief, at 3).

We will address Appellant's first and fourth issues first because they both challenge the discretionary aspects of his sentence, which "must be

_____

[2] On August 5, 2015, Appellant filed a timely statement of errors complained of on appeal pursuant to the trial court's order. **See** Pa.R.A.P. 1925(b). The court filed an opinion on September 15, 2015. **See** Pa.R.A.P. 1925(a).

considered a petition for permission to appeal." ***Commonwealth v. Best***, 120 A.3d 329, 348 (Pa. Super. 2015) (citation omitted). To preserve claims relating to the discretionary aspects of a sentence properly, an appellant must first raise them with the trial court. ***See Commonwealth v. Foster***, 960 A.2d 160, 163 (Pa. Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011).[3]

Further,

> [t]he Rules of Appellate Procedure mandate that, to obtain review of the discretionary aspects of a sentence, the appellant must include in his brief a Concise Statement of Reasons Relied Upon for Allowance of Appeal. ***See*** Pa.R.A.P. 2119(f). This statement must raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a fundamental norm of the sentencing process.

***Best***, ***supra*** at 348 (case citations and quotation marks omitted).

In the instant case, Appellant included a Rule 2119(f) statement in his brief, in which he maintains that the trial court "improperly relied on [his] 2014 conviction to enhance the length of his sentence" and "failed to place any valid reasons on the record in support of [his] sentence," which violated

---

[3] Here, in his post-sentence motion, Appellant raised his first issue, that the court improperly relied on his 2014 conviction when sentencing him in the present case. (***See*** Motion for Reconsideration and Extraordinary Relief, 6/22/15, at 2-3). However, he failed to raise his fourth claim, that the court abused its discretion by failing to place adequate reasons on the record in support of his sentence. (***See id.***). Therefore, we deem Appellant's fourth claim waived for his failure to raise it with the trial court. ***See Foster***, ***supra*** at 163; ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Moreover, for the reasons discussed below, it would not merit relief.

"our fundamental sentencing norms." (Appellant's Brief, at 11-12). These claims raise a substantial question. *See Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011) (finding claim challenging trial court's alleged failure to offer specific reasons for appellant's sentence pursuant to section 9721(b) raises substantial question); *Commonwealth v. P.L.S.*, 894 A.2d 120, 127 (Pa. Super. 2006), *appeal denied*, 906 A.2d 542 (Pa. 2006) ("A substantial question exists where the appellant presents a plausible argument that the sentence violates a provision of the Sentencing Code or is contrary to the fundamental norms underlying our sentencing scheme.") (citation omitted). Therefore, we will address the merits of Appellant's claims.

Our standard of review of a sentencing challenge is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (citation omitted).

> When imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.A.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the

defendant. And, of course, the court must consider the sentencing guidelines.

*Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015), *appeal denied*, 126 A.3d 1282 (Pa. 2015) (citation and quotation marks omitted). "Where, as here, the trial court has the benefit of a pre-sentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." *Johnson*, *supra* at 827 (citation omitted).

In Appellant's first issue, he argues that the trial court improperly treated him as a recidivist by considering his 2014 conviction for purposes of sentencing. (*See* Appellant's Brief, at 13-16). Specifically, he argues that, because he was not sentenced in that case at the time he committed illegal acts that form the basis of the current legal action, and the 2014 conviction was not included in his prior record score, the court abused its discretion in considering it. (*See id.*). Appellant's issue does not merit relief.

Initially, Appellant properly asserts that, pursuant to section 303.5(c) of the Pennsylvania Sentencing Guidelines, un-sentenced convictions, "[i]f no sentence has yet to be imposed on an offense, the offense shall not be counted in the calculation of the Prior Record Score." (Appellant's Brief, at 13 (citing 204 Pa. Code. § 303.5(c))). In fact, he concedes that his 2014 conviction was not included in his prior record score. (*See id.* at 15). However, we disagree with Appellant's subsequent argument that, because

the prior conviction was not included in his prior record score, the trial court abused its discretion in considering it. (**See id.** at 13, 15).

Pursuant to section 303.5(d) of the Pennsylvania Sentencing Guidelines, Adequacy of Prior Record Score, expressly states, "[t]he court may consider at sentencing prior convictions . . . not counted in the calculation of the Prior Record Score, in addition to other factors deemed appropriate by the court." 204 Pa. Code 303.5(d). In fact, it is well-settled that "prior convictions, of whatever nature, with law enforcement authorities, are unquestionably among the circumstances to be scrutinized in determining the appropriate sentence." **Commonwealth v. Kraft**, 737 A.2d 755, 757 (Pa. Super. 1999), *appeal denied*, 747 A.2d 366 (Pa. 1999) (citation omitted). Furthermore, consideration of earlier convictions not included in a prior record score "is not only permissible, justice demands it." **Id.**

Here, Appellant pleaded guilty to corruption of minors in the first case on April 4, 2014. (**See** Appellant's Brief, at 5). The conduct complained of in the current case occurred "on separate and distinct dates" between September 1, 2013 through April 30, 2014. (N.T. Guilty Plea, 2/06/15, at 13). Therefore, we conclude that the trial court did not abuse its discretion in considering Appellant's prior conviction for corruption of minors when imposing sentence in this case. **See** 204 Pa. Code 303.5(d); **Johnson**,

*supra* at 826; *Kraft*, *supra* at 757. Appellant's first issue does not merit relief.

Moreover, while we are cognizant of the "recidivist philosophy" on which Appellant relies, (Appellant's Brief, at 13, 15-16), it generally has been applied to cases involving whether a former conviction should be considered a prior conviction for purposes of a recidivist statute. It does not stand for the proposition Appellant advances, that because he was not sentenced on his first crime at the time he committed the illegal acts in the case herein, the court abused its discretion in considering the prior conviction. (*See id.* at 3, 15). For example, as stated by the Pennsylvania Supreme Court:

> the general purpose of graduated sentencing laws "is to punish more severely offenders who have persevered in criminal activity despite the theoretically beneficial effects of penal discipline." [*Commonwealth v.*] *Shiffler*, [] 879 A.2d [185,] 195 [(Pa. 2005)] (quoting *Commonwealth v. Dickerson*, [] 621 A.2d 990, 992 ([Pa.] 1993)) (emphasis omitted). Stated another way, the purpose of such laws is to enhance punishment "when the defendant has exhibited an unwillingness to reform his miscreant ways and to conform his life according to the law." [*Id.*]. Accordingly, [f]ollowing the recidivist logic, each strike that serves as a predicate offense must be followed by sentencing and, by necessary implication, an opportunity for reform, before the offender commits the next strike. However, "[t]he recidivist philosophy, while a valid policy, is not the only valid sentencing policy, nor is it a constitutional principle or mandate," and the legislature is free to enact a statute "which clearly expresses a different application." [*Id.*] at 196.

*Commonwealth v. Jarowecki*, 985 A.2d 955, 961 (Pa. 2009) (footnote, and some quotation marks and case citations omitted).

In the case *sub judice*, the trial court did not sentence Appellant on a second "strike" pursuant to a "graduated sentencing law." *Id.* Instead, the the trial court considered the prior crime as a factor it "scrutinized in determining the appropriate sentence." *Kraft*, *supra* at 757.

Indeed, the cases on which Appellant relies for his recidivist policy argument all considered the philosophy in relation to a "graduated sentencing law." (Appellant's Brief, at 13-15). For example, Appellant relies on *Dickerson*, *supra*, for the theory that "one must have the opportunity for rehabilitation before being punished more severely for committing a second crime." (*Id.* at 13). However, in *Dickerson*, the High Court examined the language of the recidivist statute, 18 Pa.C.S.A. § 9714, which imposes a five-year mandatory minimum sentence where "the previous conviction occurred within seven years of the date of the commission of the instant offense." *Dickerson*, *supra* at 992. In considering when a prior conviction could be considered for purposes of section 9714, our Supreme Court held "that a prior record score under the sentencing guidelines cannot include a prior offense which has not resulted in a conviction before the later offense was committed." *Id.* at 993.

Here, Appellant's prior conviction was **not** included in his prior record score. In light of the well-settled principle that consideration of earlier convictions not included in a prior record score "is not only permissible, justice demands it[,]" *Kraft*, *supra* at 757, we decline to read the holding of

***Dickerson*** as standing for the proposition that a court shall not consider a prior conviction if a defendant has not been sentenced on it at the time of his commission of a second crime.

Likewise, we are not legally persuaded by the cases Appellant relies on for his argument that the court stacked his prior conviction on to his current ones for the purpose of sentencing. (***See*** Appellant's Brief, at 14-15). For example, in ***Commonwealth v. Goggins***, 748 A.2d 721 (Pa. Super. 2000), *appeal denied*, 759 A.2d 920 (Pa. 2000), this Court found that the trial court abused its discretion in sentencing the defendant above the mandatory minimum where "the legislature already factored that consideration into the mandatory minimum three-year sentence pursuant to 18 Pa.C.S.[A.] § 7508(a)(3)(i)." ***Goggins***, ***supra*** at 732. ***Goggins*** is inapposite to the case before us, because here, Appellant was not sentenced above a statutorily prescribed mandatory minimum on the basis of his prior conviction. For all of these reasons, Appellant's first issue lacks merit.

In his fourth issue, Appellant argues that the trial court abused its discretion by imposing an unreasonable sentence where it "had no valid reasons for imposing three consecutive sentences at the cusp of the standard and aggravated guidelines." (Appellant's Brief, at 25). As previously noted, this issue is waived for Appellant's failure to present it to the trial court. (***See supra*** at 4 n.3). However, it also would lack merit, even if properly preserved in the trial court.

It is well-settled that:

When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.[A.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. . . . [A]nd, of course, the court must consider the sentencing guidelines.

*Coulverson*, *supra* at 144 (citation omitted). "[I]f the sentencing court, after considering the appropriate section 9721 sentencing factors, states valid reasons for its sentence, which are supported by the record, this Court must affirm the decision . . . ." *Commonwealth v. Marts*, 889 A.2d 608, 616 (Pa. Super. 2005) (citation omitted). "[W]hen sentencing an appellant, the trial court is permitted to consider the seriousness of the offense and its impact on the community." *Id.* at 615 (citation and internal quotation marks omitted).

Here, we first observe that the trial court considered "an extensive [PSI.]" (Trial Court Opinion, 9/15/15, at 4). Therefore, "we presume that the court was aware of relevant information regarding [Appellant's] character and weighed those considerations along with any mitigating factors." *Johnson*, *supra* at 827 (citation omitted). Additionally, pursuant to section 9741(b), the trial court set forth its reasons for imposing its sentence on Appellant, including "the serious nature of the offense, the offense occurred while [Appellant] was pending sentencing for a similar offense[,] . . . the sentence is within the standard range guidelines[,] and

any lesser of a sentence would depreciate [Appellant's] conduct." (N.T. Sentencing, 6/10/15, at 10; *see also id.* at 11-13).

Hence, based on our review of the entire record in this matter, which reveals a pattern of Appellant's engaging in illegal sexual contact with minors under sixteen years of age, we conclude that the trial court did not abuse its discretion in imposing Appellant's sentence where it "state[d] valid reasons for its sentence, which are supported by the record[.]" *Marts*, *supra* at 616; *see also Johnson*, *supra* at 827. Appellant's fourth challenge would not merit relief.

We now turn to Appellant's second, third, and fifth claims.

In Appellant's second claim, he maintains that the court erred as a matter of law when it violated his protection against double jeopardy by "impos[ing] another punishment for a prior offense for which [it] had already sentenced [him]." (Appellant's Brief, at 16). Appellant's issue does not merit relief.

> The proscription against twice placing an individual in jeopardy of life or limb is found in both the Fifth Amendment to the United States Constitution, as well as in Article 1, Section 10 of the Pennsylvania Constitution. Yet, as the Pennsylvania Supreme Court has held, Pennsylvania's Double Jeopardy Clause involves the same meaning, purpose, and end [as the Double Jeopardy Clause in the United States Constitution], thus, [Pennsylvania's clause] has generally been construed as coextensive with its federal counterpart.

> The Double Jeopardy Clause embodies three protections: [i]t protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the

same offense after conviction. And it protects against multiple punishments for the same offense.

***Commonwealth v. Hallman***, 67 A.3d 1256, 1260 (Pa. Super. 2013), *appeal denied*, 84 A.3d 1062 (Pa. 2014) (citations, quotation marks, and footnote omitted). A question regarding whether an individual's right against double jeopardy has been violated is a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. ***See id.***

Here, Appellant refers to a discrete statement made by the trial court in its September 15, 2015 opinion about "the totality of [Appellant's] sexually related offenses[,]" as evidence that the trial court sentenced him twice for his prior offense. (Appellant's Brief, at 17). However, he fails to identify on the record where a double sentence was, in fact, imposed. (***See id.***). In fact, Appellant's argument that the court violated his right against double jeopardy is belied by the record. At sentencing, the court merely considered Appellant's prior conviction as one of the factors for its decision, and then expressly sentenced him on only the three crimes to which he pleaded guilty. (***See*** N.T. Sentencing, 6/10/15, at 9-13). Therefore, after our *de novo* review, we conclude that the trial court did not impose an illegal

sentence by violating Appellant's rights against double jeopardy. **See Hallman**, **supra** at 1260. Appellant's second issue does not merit relief.[4]

In his third claim, Appellant asks this Court to determine as a matter of law that the trial court sentenced him to "aggravated sentences because the minimums fell at the start of the aggravated guidelines[.]" (Appellant's Brief, at 18).[5] Appellant's issue lacks merit.

Appellant concedes that, where a "court explicitly states its intention to impose a standard sentence, then a sentence at the cusp of the standard and aggravated ranges is a standard guideline sentence." (Appellant's Brief, at 18) (citing **Commonwealth v. Lopez**, 627 A.2d 1229, 1231 (Pa. Super. 1993), *implied overruling on different grounds recognized by*, **Commonwealth v. Rosario-Hernandez**, 666 A.2d 292 (Pa. Super. 1995) ("**Unless the trial court states to the contrary**, this [C]ourt will presume

---

[4] Appellant also takes issue with the fact that the trial court stated that he engaged in illegal sexual contact with a minor for one-and-one-half years when the behavior in this case only occurred for an alleged eight months, and the contact in the first case occurred for approximately seven months. (**See** Appellant's Brief, at 17). However, we read the court's comment, not as evidence of its improper attempt to punish him twice for the first crime, but as a general observation about Appellant's character that included continued inappropriate behavior.

[5] Appellant also claims that the court erred in failing to put sufficient reasons for his "aggravated" sentences on the record. (**See** Appellant's Brief, at 18). However, he failed to raise this issue in his statement of questions involved; nor is it fairly suggested thereby. **See** Pa.R.A.P. 2116(a); (**see also** Appellant's Brief, at 3). Moreover, because we conclude that the trial court imposed standard range sentences, this issue is moot.

that a sentence at the bound of the standard and aggravated ranges falls in the aggravated range.")) (citation omitted) (emphasis added). Here, the trial court expressly stated its intention to impose standard range sentences on Appellant. (*See* N.T. Sentencing, 6/10/15, at 10-13). Therefore, we will not presume that the trial court intended Appellant's sentence to be in the agggravated range. *See Lopez*, *supra* at 1231.

Moreover, Appellant invites us to overturn *Lopez* "to find as a concrete rule that a sentence at the cusp of the guidelines between standard and aggravated ranges is always an aggravated sentence." (Appellant's Brief, at 20). This we cannot do. First, we remind Appellant that we grant great deference to the sentence imposed by the trial court, and will only vacate it if the court has committed an error of law or abuse of discretion. *See Johnson*, *supra* at 826. Also, "[t]his Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court." *Commonwealth v. Reed*, 107 A.3d 137, 143 (Pa. Super. 2014) (citation and footnote omitted). Therefore, we decline Appellant's invitation to overrule *Lopez*. Appellant's fourth issue lacks merit.

Finally, in his fifth issue, Appellant challenges the requirements of 42 Pa.C.S.A. § 9781 and Pennsylvania Rule of Appellate Procedure 2119(f) on the basis that they violate section nine of the Pennsylvania Constitution because "they limit an appellant's right to a direct appeal of his sentence."

(Appellant's Brief, at 26; *see id.* at 26-28). Appellant's issue lacks merit where this Court already addressed a nearly identical argument and held that section 9781(b) is constitutional.

We observe first that:

> The Pennsylvania Supreme Court has consistently held that enactments of the General Assembly enjoy a strong presumption of constitutionality. All doubts are to be resolved in favor of sustaining the constitutionality of the legislation. . . . [W]e are obliged to exercise every reasonable attempt to vindicate the constitutionality of a statute and uphold its provisions. . . . Moreover, one of the most firmly established principles of our law is that the challenging party must prove the act clearly, palpably and plainly violates the constitution.
>
> > The power of judicial review must not be used as a means by which the courts might substitute its judgment as to public policy for that of the legislature. The role of the judiciary is not to question the wisdom of the action of [the] legislative body, but only to see that it passes constitutional muster.

*Commonwealth v. Elia*, 83 A.3d 254, 266-67 (Pa. Super. 2013), *appeal denied*, 94 A.3d 1007 (Pa. 2014) (citations and quotation marks omitted).

In holding that section 9781(b) does not violate the Pennsylvania Constitution, this Court observed:

> The Pennsylvania Constitution guarantees a right of appeal from a court of record:
>
> > There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court as to be provided by law; and there shall be such other rights of appeal as may be provided by law.

- 16 -

PA. CONST. art. V, § 9.   The Judicial Code provides the procedure for exercising this right when the issue on appeal is the discretionary aspects of the sentence imposed following criminal proceedings:

> The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or misdemeanor to the appellate court that has jurisdiction for such appeals.  Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

42 Pa.C.S.A. § 9781(b).   Focusing on the phrases "allowance of appeal" and "granted at the discretion of the appellate court," McFarlin argues that this section, in effect, renders this type of appeal discretionary in violation of the constitutional right to appeal.  We do not agree.

We recognize that this right has been construed as absolute.  We are also aware that § 9781(b) has been construed as a limitation upon that right.  Nonetheless, the existence of an absolute right to appeal does not, in and of itself, render all limitations governing the exercise of that right unconstitutional.  It has long been the law that both the legislature and the courts have the authority to enact reasonable regulations controlling the exercise of the constitutional right of appeal.  All regulations are, to some extent, limitations.  If the limitation imposed by § 9781(b) is a reasonable control of the exercise of the right to appeal, it is constitutionally valid.

**We hold today that § 9781(b) is a reasonable regulation of the right to appeal.** . . . Only if the trial court manifestly abuses its discretion will the sentence be disturbed. . . . In effect, § 9781(b) merely requires an accused to indicate how the trial court possibly abused its discretion before the appellate court will consider the merits of his contentions as to the discretionary aspects of his sentence.

\* \* \*

- 17 -

. . . We cannot say that the operation of § 9781(b) clearly, plainly and palpably violates the constitution, despite the phrases "allowance of appeal" and "granted at the discretion of the court" which it contains. Therefore, **we hold that 42 Pa.C.S.A. § 9781(b) is a reasonable regulation of the exercise of the right to appeal; as such, it does not violate Article V, Section 9, of the Pennsylvania Constitution.**

*Commonwealth v. McFarlin*, 587 A.2d 732, 735-36 (Pa. Super. 1991), *affirmed*, 607 A.2d 730 (Pa. 1992) (footnotes and case citations omitted; emphases added).[6]

Here, Appellant raises the same constitutional challenge as that raised by McFarlin. (**See** Appellant's Brief, at 26-28). Therefore, for the reasons stated in **McFarlin**, we conclude that Appellant's fifth issue does not merit relief.

Judgment of sentence affirmed.

Judge Ott joins the Memorandum.

Judge Bowes files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2016

---

[6] Pennsylvania Rule of Appellate Procedure 2119(f) regulates the procedure for appeals of the discretionary aspects of sentence pursuant to 42 Pa.C.S.A. § 9781(b). **See** Pa.R.A.P. 2119(f). Therefore, we conclude that it also is constitutional for the same reasons enunciated in **McFarlin**.