81 A.3d 829

COMMONWEALTH of Pennsylvania, Appellant

v.

Michael GREENE, Appellee.

Supreme Court of Pennsylvania.

Argued May 7, 2013.

Decided Nov. 20, 2013.

Andrew John Jarbola, Esq., Scranton, Gene P. Riccardo, Esq., Lisa Ann Swift, Esq., Lackawanna County District Attorney's Office, for Commonwealth of Pennsylvania.

Terrence J. McDonald, Esq., for Michael Greene.

## *ORDER*

PER CURIAM.

**AND NOW,** this 20th day of November, 2013, the Order of the Superior Court is hereby affirmed on the basis of the majority *en banc* opinion of the Superior Court, *Commonwealth v. Greene*, 25 A.3d 359 (Pa.Super.2011).

Justice EAKIN would enter a per curiam affirmance.

Chief Justice CASTILLE files a dissenting statement.

Chief Justice CASTILLE, dissenting.

I respectfully disagree with this disposition, which adopts the bare majority *en banc* Superior Court opinion below as the binding precedent of this Court. Although the burdens of our caseload make orders of *per curiam* affirmance an unfortunate necessity (albeit primarily on our discretionary review docket),

we rarely actually adopt the opinion below. Certainly, I cannot recall an instance during my tenure on the Court when a published opinion from a lower court has been summarily adopted and made the law of this Commonwealth, without further comment, when the opinion in question was not only **not** unanimous, but represented a five-to-four bare majority of the *en banc* panel. To make matters worse, the adopted opinion in question fails to acknowledge, or even in any way comment upon, the points made in the four-judge dissenting opinion.

Acknowledgement and response to concurring or dissenting expressions oftentimes leads to greater consensus. Perhaps, if told why they were wrong, the dissenting judges might have come around to the majority view. Perhaps, if the majority below directly engaged the dissent, the vote could have changed. For whatever reason, it appears, that effort at greater consensus was not made. Instead, we have the dissenting view of four judges dismissed without comment below, and disapproved without comment or explanation here.

My research reveals that the Court does not appear to have adopted an opinion since *Karpe v. Pa. Pub. Util. Comm'n*, 487 Pa. 189, 409 A.2d 29 (1979), adopted a Commonwealth Court opinion. In that case, the nature of the adopted opinion is unclear and it does not appear to have been published. Nevertheless, even when adopting the opinion as its own, the Court gave some basis for its action: "[T]here was no clear legal right to the certification requested, nor was there an absence of an adequate remedy at law. We adopt the opinion of the Commonwealth Court. . . ." *Id.* at 29.

The Court should remain circumspect of resolving appeals in this way. Over fifty years ago, Justice Musmanno noted the basis for skepticism: "When this Court affirms a judgment on the opinion of a lower Court, it of course adopts the lower Court's opinion as its own and is thus responsible for its reasoning, conclusions, and phraseology as much as if it had come from the collective pens of the majority of the Supreme Court." *Satovich v. Lee*, 385 Pa. 133, 122 A.2d 212, 215 (1956) (Musmanno, J., dissenting). In the circumstances here, for

the reasons I have stated, I do not believe the 5–4 majority opinion below warrants summary adoption.

I respectfully dissent.