**[J-71-2014]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 2 EAP 2014 |
| | : |
| Appellant | : Appeal from the Judgment of Superior |
| | : Court entered on July 31, 2013 at No. 505 |
| | : EDA 2012 affirming the Judgment of |
| v. | : Sentence entered on January 27, 2012 in |
| | : the Court of Common Pleas, Philadelphia |
| | : County, Criminal Division at Nos. |
| ANTHONY ARMSTRONG, | : CP-51-CR-0006396-2009 and |
| | : CP-51-CR-0009692-2009 |
| Appellee | : |
| | : ARGUED:   September 9, 2014 |

**DISSENTING STATEMENT**

**MR. JUSTICE EAKIN**                    **DECIDED:   December 30, 2014**

The decision to expressly adopt a portion of the Superior Court's opinion as binding precedent of this Court is not our common practice, and in my judgment is best reserved for areas less in controversy than this.  See, e.g., Commonwealth v. Greene, 81 A.3d 829, 829-30 (Pa. 2013) (Castille, C.J., dissenting statement) (noting this Court's reluctance to adopt lower court's opinion by per curiam order); see also id., at 830 ("'When this Court affirms a judgment on the opinion of a lower [c]ourt, it of course adopts the lower [c]ourt's opinion as its own and is thus responsible for its reasoning, conclusions, and phraseology as much as if it had come from the collective pens of the majority of the Supreme Court.'" (quoting Satovich v. Lee, 122 A.2d 212, 215 (Pa. 1956) (Musmanno, J., dissenting))).

Respectfully, the reasoning of the Superior Court's opinion here is largely the acknowledgement of the "recidivist theory" from case law which that court is constrained

to follow. However, this precludes any meaningful discussion of the distinction arising in the present case, which is not addressed in the cited cases. In so doing, the Superior Court's decision must be read as implementing a new rule of law that, where a defendant has not been previously sentenced under § 9714(a), he is not eligible to receive a sentence under § 9714(b), regardless of the empirical applicability of that section. See Commonwealth v. Armstrong, 74 A.3d 228, 239-42 (Pa. Super. 2013). The Superior Court relied primarily on Shiffler, which involved a sequence of events different from those at hand; while I did not participate in that decision, I do not read it as creating such a broad notion, i.e., that the failure to sentence under § 9714(a) forever precludes sentencing under § 9714(b).

Section 9714 is a straightforward statute, though its scheme has been muddled and made intricate (and by no means settled) by case law in which this Court has not been unanimous. While distinguishing the instant matter from cited precedent, the Superior Court applied the "recidivist theory," thereby approving another circumstance where § 9714 may not be applied despite the unambiguous language of the statute. See id., at 242 ("Instantly, [a]ppellant's case differs from those in [Commonwealth v.] Shiffler, [879 A.2d 185 (Pa. 2005), and Commonwealth v.] McClintic, [909 A.2d 1241 (Pa. 2006)], in that he was not sentenced simultaneously to the predicate offenses at issue.").

Before us are facts this Court has yet to address under the current provisions of § 9714. While this Court considered a similar criminal-history background in Commonwealth v. Dickerson, 621 A.2d 990, 991-92 (Pa. 1993), that case involved a substantially different version of § 9714; this statute has been amended with great

regularity in the intervening 20 years. The question is whether the present statute's language is rendered nugatory by the "recidivist theory."[1]

However, § 9714's current language not only <u>allows</u> a third-strike sentence under the present facts — on its face, it <u>mandates</u> it. Its application is not jumbled by ambiguity: it applies if "at the time of the commission of the current offense" the defendant had two or more "convictions" from "separate criminal transactions." The statutory scheme is straightforward and unambiguous — at the time of the present crime, how many prior convictions does the defendant have? At the time he committed the crime at issue here, appellee had at least two such convictions and they were not from the same criminal transaction. As the answer here is two, and they were not for the same criminal transaction, § 9714 applies.

Or so it would seem. My point is that if this statute is to be trumped by the recidivist theory, explanation and pronouncement should come from this Court. Such advocacy on the merits that I offer is not to express what the outcome of this case should be, but is meant only to highlight that appellee presents a colorable argument. I dissent solely to note that if the recidivist theory is to render clear statutory language irrelevant, under this previously unaddressed scenario, it should not happen through the back door of adopting a portion of a Superior Court opinion.

Mr. Justice Stevens joins this dissenting statement.

---

[1] The roots of the theory are not grounded in statute. The <u>Dickerson</u> Court adopted the Superior Court's rationale concerning recidivism. <u>See</u> <u>id.</u>, at 992 (quoting <u>Commonwealth v. Dickerson</u>, 590 A.2d 766, 771 (Pa. Super. 1991)). That adopted rationale was directly quoted from <u>Commonwealth v. Sutton</u>, 189 A. 556 (Pa. Super. 1937). <u>See</u> <u>Dickerson</u>, 590 A.2d at 771 (quoting <u>Sutton</u>, at 558).