**[J-50-2016]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| BRENTWOOD BOROUGH SCHOOL DISTRICT | : No. 21 WAP 2015 |
| | : |
| | : Appeal from the Order of the |
| | : Commonwealth Court entered March |
| v. | : 24, 2015 at No. 2346 CD 2013, |
| | : affirming the Order of the Court of |
| | : Common Pleas of Allegheny County |
| HEATHER HELD | : entered December 11, 2013 at No. GD |
| | : 09-004808. |
| | : |
| v. | : ARGUED: April 6, 2016 |
| | : |
| | : |
| HSBC BANK USA, N.A. | : |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| GROVE PROPERTIES, INC. | : |
| | : |
| | : |
| APPEAL OF: HSBC BANK USA, N.A. | : |

## CONCURRING STATEMENT

**JUSTICE DOUGHERTY**

I concur in the determination to summarily affirm the order below, writing only to explain why I agree an opinion need not accompany that mandate in this matter.

There are two kinds of *per curiam* affirmances (PCAs): PCAs adopting the opinion below, thereby signaling the Court's approval of the mandate and adoption of the reasoning of the court below, *see, e.g.*, *Commonwealth v. Greene*, 81 A.3d 829 (Pa. 2013), and PCAs affirming only the order below, such as here. In the latter instance, the Court offers neither approval nor disapproval of the reasoning below; the Court

either agrees with the mandate, or at a minimum, is unconvinced the appellant has made a sufficient showing to disturb that result. *See Commonwealth v. Tilghman,* 673 A.2d 898, 904 (Pa. 1996) (when Court issues *per curiam* affirmance, "[u]nless we indicate that the *opinion* of the lower tribunal is affirmed *per curiam,* our order is not to be interpreted as adopting the rationale employed by the lower tribunal in reaching its final disposition") (emphasis in original). I realize the practice may be frustrating for the bench and bar, particularly when the decision below is published.

Like all courts with discretionary review dockets, this Court attempts to identify cases of broad import or interest for review. *See* Pa.R.A.P. 1114(b). Many considerations go into whether to accept a case beyond the nature of the issue: the sharpness of the dispute, the quality of the advocacy, the opinions below. Once we have accepted an appeal, other considerations may govern whether the case in fact appears to be the appropriate vehicle for exposition we had hoped: the state of the record, issue preservation, quality of the briefing, points made by *amicus curiae*, *etc*.

In this case, we granted discretionary review to determine when a property is "vacant" for purposes of redeeming property under Section 32(c) of the Pennsylvania Municipal Claims and Tax Liens Act, 53 P.S. §§7101-7505. Section 32, codified at 53 P.S. §7293(c), generally provides the owner of any property sold under a tax or municipal claim may redeem it by filing a petition within nine months of acknowledgment of a sheriff's deed and paying certain costs. 53 P.S. §7293(a). An exception to the right of redemption exists, however, for "vacant property." 53 P.S. § 7293(c) ("there shall be no redemption of vacant property by any person after the date of the acknowledgment of the sheriff's deed therefor"). The statute further provides a property "shall be deemed to be 'vacant property' unless it was continuously occupied by the same individual or

basic family unit as a residence for at least ninety days prior to the date of the sale and continues to be so." *Id.*

The Commonwealth Court decided the case *via* published opinion, *see Brentwood Borough Sch. Dist. v. HSBC Bank USA, N.A.*, 111 A.3d 807 (Pa. Cmwlth. 2015), promulgating a multi-factor test to determine vacancy. The case offered an apparent question of first impression respecting property vacancy versus continuous occupancy as a residence, and also promised an opportunity to examine the test promulgated below.

As it happens, however, in my judgment, the case has proved not to be an appropriate vehicle for providing guidance on the issue accepted, for several reasons. First, the record concerning the homeowner's use of the property, and intention respecting the property, is minimal. Second, it is apparent there are foundational issues which are not properly in focus, such as the burden of proof, which would affect any final decision. Third, this case may be of limited utility because of its factual posture, as it involves a financial institution attempting to redeem the property rather than the homeowner, which would be the more common circumstance, and which may be the cause of the scant record. Finally, the Commonwealth Court set forth a multi-part test in its published opinion, but then focused primarily upon the habitability of the premises in rendering its decision, making this a less-than-optimum vehicle even for consideration of the wisdom of the test. *See id.* at 813. Our summary affirmance should not be read as approval of the test adopted below.