## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

U.S. Bank N.A.       :
           :
    v.      :
           :
Agnes Manu and      :
Steve A. Frempong,     : No. 864 C.D. 2018
      Appellants : Submitted: December 14, 2018


BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge

OPINION BY
JUDGE COVEY       FILED: March 22, 2019


   Agnes Manu (Manu) and Steve A. Frempong (Frempong) (collectively, Appellants) appeal, pro se, from the Philadelphia County Common Pleas Court's (trial court) May 17, 2018 order granting their Motion to Redeem Premises (Motion) for the real property located at 5528 Crowson Street in Philadelphia (Property), ordering a redemption payment and scheduling a hearing (May 17, 2018 Order).[1] Essentially, Appellants present two issues for this Court's review: (1) whether the trial court's order was final and appealable, and (2) whether the trial court erred and abused its discretion in adjudicating the Motion.[2] Upon review, we affirm.

---

[1] The trial court's order disposing of the Motion was signed/dated May 16, 2018. *See* Appellants' Br. Attachment 3. However, it was entered/docketed on May 17, 2018. *See* Reproduced Record at 22a. The trial court mistakenly referred to it as the May 18, 2018 order. *See* Appellants' Br. Attachment 4. Herein, it will be referred to as the May 17, 2018 Order.

[2] Appellants presented four issues in their Statement of Questions Involved: (1) whether the trial court's order was final and appealable; (2) whether the trial court erred and abused its discretion in the adjudication of the Motion; (3) whether the third-party purchaser's actions before the Property's transfer violated Appellants' property, contractual and constitutional rights and Appellants should be compensated with an offset to the redemption sum; and (4) whether the trial court's order was unclear or created an impossible and unreasonable mandate. *See* Appellants' Br. at 1-3. Because Appellants' third and fourth issues are subsumed in this Court's analysis of the second issue, they have been combined herein.

Manu and F.A. Properties Corporation own the Property, and Frempong is Manu's husband and guarantor of the mortgages on the Property. *See* Reproduced Record (R.R.) at 28a-29a, 37a, 39a, 41a. On November 30, 2010, U.S. Bank N.A. (US Bank) filed a tax claim petition against interested parties, including Appellants, seeking payment of the Property's delinquent real estate taxes and a rule to show cause why the Property should not be sold free and clear of all liens and encumbrances (Tax Claim Petition).[3] *See* Original Record (O.R.) Item 2 (Tax Claim Petition). The trial court conducted the rule returnable hearing on October 8, 2014.[4] Because Appellants presented no evidence to support their opposition to the Tax Claim Petition, and the trial court found their arguments unpersuasive, the trial court issued an order declaring US Bank's damages to be $13,239.52 (calculated as of October 1, 2014) and granting US Bank permission to sell the Property at sheriff's sale.[5] *See* O.R. Item 54.

On August 7, 2017, US Bank served a notice on Appellants scheduling the sheriff's sale of the Property for September 7, 2017. *See* O.R. Item 65. By November 8, 2017 order, the September 7, 2017 sheriff's sale was continued until December 7, 2017. *See* O.R. Item 66. By December 18, 2017 order, the December 7, 2017 sheriff's sale was continued until January 11, 2018. *See* O.R. Item 67. On January 11, 2018, the Property was sold at sheriff's sale to Golden Developers, LLC

---

[3] The subject taxes were assessed by the City of Philadelphia (City) and the School District of Philadelphia (School District). The City and the School District sold the Property's tax lien to the Philadelphia Authority for Industrial Development (PAID) as part of a portfolio of delinquent real estate taxes, thereby authorizing PAID to collect the taxes. PAID sold the delinquent tax portfolio to US Bank, thereby empowering US Bank to recover the Property's delinquent taxes. *See* Original Record Item 2 (Tax Claim Petition and Rule to Show Cause) at 1-2.

[4] Protracted litigation over procedural matters took place during the interim four years.

[5] On November 20, 2014, Appellants appealed to the Superior Court, and the matter was transferred to this Court. *See* O.R. Item 55. On January 29, 2015, the trial court issued its opinion. On September 1, 2015, this Court dismissed Appellants' appeal for failing to comply with the Court's July 22, 2015 order, and the record was returned to the trial court. *See* O.R. Items 63, 64.

for $23,500.00. *See* R.R. at 17a. Golden Developers, LLC paid a $2,500.00 deposit on January 11, 2018. *See* R.R. at 114a.

On January 19, 2018, Appellants filed the Motion, wherein Appellants sought redemption of the Property and claimed they were "ready and able to . . . pay [] the bid or purchase price plus 10% of said price and all incidental expenses as required under [Section 32 of the act generally known as the Municipal Claims and Tax Liens Act (Act)[6]]." R.R. at 29a; *see also* R.R. at 26a-41a. Appellants further requested the trial court to order the sheriff to stay the sale proceedings during the redemption process, direct Golden Developers, LLC to stay away from the Property/the tenant, and allow Appellants to prove their ability to pay the redemption costs. *See* R.R. at 29a.

On February 5, 2018, Golden Developers, LLC intervened and opposed the Motion based on Appellants' ability and readiness to pay.[7] *See* R.R. at 42a-53a. Golden Developers, LLC admitted that the sheriff's deed had not yet been acknowledged when the Motion was filed.[8] *See* R.R. at 45a. On February 9, 2018, Golden Developers, LLC paid the $21,000.00 balance on its purchase. *See* R.R. at 114a. On February 16, 2018, the trial court issued a rule to Golden Developers, LLC

---

[6] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. § 7293.

[7] Golden Developers, LLC claimed that since Appellants directly or indirectly owned numerous other City properties "with either large or longstanding tax delinquencies[,]" Appellants would be unable to pay the redemption amount. R.R. at 51a.

[8] "As used herein, 'acknowledgment' refers to '[a] formal declaration made in the presence of an authorized officer, such as a notary public, by someone who signs a document and confirms that the signature is authentic.' *Acknowledgment*, Black's Law Dictionary 27 (10th ed. 2014)." *In re Estate of Plance*, 175 A.3d 249, 253 n.2 (Pa. 2017); *see also In re Ford*, 994 A.2d 9 (Pa. Cmwlth. 2010); *Abraham v. Mihalich*, 479 A.2d 601 (Pa. Super. 1984). "The purpose of the acknowledgment is to verify the executing party's identity and voluntary intention to be bound by the terms of the document." *In re Jones*, 284 B.R. 92, 95 (Bankr. E.D.Pa. 2002), *aff'd*, 308 B.R. 223 (E.D. Pa. 2003). Acknowledgment is a prerequisite to recording a deed. *See* Section 2 of the Act of May 28, 1715, *as amended*, 21 P.S. § 42 (relating to the Philadelphia commissioner of records recording City instruments). "[T]he acknowledgment and delivery of a sheriff's deed are separate actions from recording the sheriff's deed." *City of Phila. v. F.A. Realty Inv'rs Corp.*, 95 A.3d 377, 386 (Pa. Cmwlth. 2014).

to show cause why Appellants' Motion should not be granted.  *See* R.R. at 17a.  The trial court's rule was returnable at a March 22, 2018 hearing, which was ultimately postponed until May 16, 2018.  *See* R.R. at 18a.  On April 4, 2018, Appellants filed an answer with new matter to Golden Developers, LLC's response.[9]  *See* R.R. at 54a-71a.

On April 18, 2018, Queensgate Properties LLC (Queensgate), filed a petition to intervene (Intervention Petition), wherein it represented that Golden Developers, LLC assigned its rights in the Property to Queensgate for $23,500.00, and that "[Queensgate] has paid all sums due the Sheriff . . . and has been delivered a Sheriff's Deed for the Property" which it attached to the Intervention Petition.  R.R. at 74a; *see also* R.R. at 77a-82a.  The deed was acknowledged on February 14, 2018 and recorded on March 1, 2018.  *See* R.R. at 77a-79a.

Queensgate also filed a response to Appellants' Motion, making the same argument previously made by Golden Developers, LLC.  *See* R.R. at 84a-92a.  On May 11, 2018, Appellants opposed Queensgate's Intervention Petition, claiming that Queensgate was not the successful sheriff's sale bidder and was "a fraudulent deed acquirer."  R.R. at 102a; *see also* R.R. at 100a-104a.  On May 16, 2018,

---

[9] Appellants responded that they are entitled to an offset of the redemption sum because of Golden Developers, LLC's violations of their property rights (namely, property invasion) before and after the sheriff's sale.  *See* R.R. at 55a, 58a-71a.

Moreover, in their brief to this Court, Appellants state that since their new matter contained a notice to plead, Golden Developers, LLC's failure to respond thereto operated as an admission thereof.  Pennsylvania Rule of Civil Procedure (Civil Rule) No. 1029(b) provides that "[a]verments **in a pleading** to which a responsive pleading is required are admitted when not denied specifically or by necessary implication." Pa.R.C.P. No. 1029(b) (emphasis added).  According to Civil Rule 1017(a), "the pleadings in an action are limited to (1) a complaint and **an answer thereto**, . . . (2) **a reply** [**to the answer**] **if the answer contains new matter**, a counterclaim or a cross-claim, . . . ." Pa.R.C.P. No. 1017(a) (emphasis added).  *See City of Phila. v. Hous. Improvement Corp.*, 482 A.2d 1092 (Pa. Super. 1984) (answer and new matter may be filed to a redemption motion).  However, here, although Golden Developers, LLC's response to Appellants' Motion was a permissible pleading, since it did not contain new matter, Appellants' reply (with or without new matter) was not among the pleadings referred to in Civil Rule No. 1029(b) and, therefore, Golden Developers, LLC was under no obligation to answer the new matter.

4

Appellants filed a motion to strike or set aside Queensgate's deed because the Motion was filed before the deed was acknowledged and transferred to Queensgate. *See* R.R. at 105a-109a.

A hearing was conducted on May 16, 2018. *See* R.R. at 110a-116a. At the hearing, Queensgate's counsel represented that Queensgate was Golden Developers, LLC's assignee and agreed to redemption if Appellants had the funds readily available within 30 days. *See* R.R. at 113a. Frempong represented that Appellants could have the funds within 30 days, but the Court offered them 60 days (until July 11, 2018) to obtain the money.

By three separate orders entered/docketed on May 17, 2018, the trial court denied Appellants' motion to strike or set aside the deed (*see* Appellants' Br. Attachment 2),[10] granted Queensgate's Intervention Petition (*see* Appellants' Br. Attachment 1) and granted Appellants' Motion. *See* R.R. at 21a-22a; *see also* Appellants' Br. Attachments 1-3. The May 17, 2018 Order declared:

> [**Appellants**] **shall pay the redemption amount of $24,155.86 plus $6.44 per day**, which constitutes (1) $23,500.00, which was the amount bid at the sale of the Property and paid for the Property; [](2) the amount of the cost of drawing, acknowledging, and recording the Sheriff's deed; (3) the amount of all taxes and municipal claims, whether or not entered as liens, if actually paid; (4) the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; (5) the insurance upon the Property[;] (6) other charges and necessary expenses of the Property, less rents or other income therefrom;[] and (7) a sum equal to interest at the rate of 10% per year thereon each of the foregoing amounts, **to the successful bidder, Golden Developers, LLC, within 30 days of the docketing of this Order**. If [Appellants are] unable to remit said funds directly to the successful bidder

---

[10] At the May 16, 2018 hearing, the trial court stated that it was not aware of any support for Appellants' position that filing the Motion acted as a supersedeas that prevented the sale from being consummated. *See* R.R. at 144a.

for any reason, then [Appellants] shall deposit said funds into an escrow account with the [trial court], Office of Judicial Records, Room 296, City Hall.

**A hearing on the payment of the redemption amount is hereby ordered for July 11, 2018** at 1:30 p.m., in Courtroom 285, City Hall, Philadelphia, PA 19107.[11]

May 17, 2018 Order; Appellants' Br. Attachment 3 (emphasis added). On June 18, 2018, Appellants appealed from the May 17, 2018 Order to this Court.[12]

The trial court filed its opinion on July 24, 2018. *See* Appellants' Br. Attachment 4. On August 27, 2018, this Court issued an order stating that, upon review of the May 17, 2018 Order "concluding that [A]ppellants met two of the three requirements for redemption of the [P]roperty . . . and scheduling a hearing regarding [A]ppellants' payment of the redemption amount[,]" and "the trial court's opinion, it appears that the [May 17, 2018 O]rder may not be a final order pursuant to [Pennsylvania Rule of Appellate Procedure (Rule)] 341. Accordingly, the parties shall address in their principal briefs on the merits the appealability of the May 1[7], 2018 [O]rder." August 27, 2018 Order. "This Court's order directing the parties to address whether the trial court's order is appealable implicates this Court's jurisdiction." *In re Sheriff's Excess Proceeds Litig.*, 98 A.3d 706, 717 (Pa. Cmwlth. 2014).

**Jurisdiction**

---

[11] The July 11, 2018 hearing was postponed to July 24, 2018, then to August 22, 2018, and finally to October 17, 2018. *See* R.R. at 23a-24a.

[12] Only the May 17, 2018 Order was referenced in and attached to Appellants' notice of appeal filed with this Court. *See* Notice of Appeal. Further, in their brief, Appellants declared: "In this case, there is only one claim, the issue of redemption." Appellants' Br. at 16a.

"This Court's scope of review in tax sale [redemption] cases is limited to a determination of whether the [trial court] abused its discretion, rendered a decision which lacked supporting evidence or clearly erred as a matter of law." *Brentwood Borough Sch. Dist. v. HSBC Bank USA*, 111 A.3d 807, 810 n.1 (Pa. Cmwlth. 2015), *aff'd sub nom. Brentwood Borough Sch. Dist. v. Held*, 139 A.3d 187 (Pa. 2016).

Initially, pursuant to Rule 341(a), "an appeal may be taken as of right from any final order of a . . . trial court."[13]  Pa.R.A.P. 341(a).  Rule 341(b) states that "[a] final order is any order that: (1) disposes of all claims and all parties, or . . . (3) is entered as a final order pursuant to paragraph (c) of this [R]ule."  Pa.R.A.P. 341(b).  Rule 341(c) permits an immediate appeal from an order dismissing less than all claims if the trial court determines that an immediate appeal would facilitate the case's resolution.  Ultimately, "[i]n ascertaining what is a final order, this Court must look beyond the technical effect of the order to its practical ramifications."  *Kramer v. Zoning Hearing Bd. of Upper Saucon Twp.*, 641 A.2d 685, 686 (Pa. Cmwlth. 1994).

> Relative to the Motion, Section 32(b) of the Act provides:
>
> Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and **if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment**.

53 P.S. § 7293(b) (emphasis added).

Appellants argue that the May 17, 2018 Order "which on the surface granted redemption subject to payment of [a] certain sum was a denial of the [Motion, and] precluded [Appellants] from presenting the merits of their claim to the [t]rial [c]ourt and[, thus,] said [May 17, 2018] Order constitute[d] a final order[.]"

---

[13] An appellate court

> may reach the merits of an appeal taken from '(1) a final order or an order certified as a final order ([Rule] 341); (2) an interlocutory order [appealable] as of right ([Rule] 311); (3) an interlocutory order [appealable] by permission ([Rules] 312, 1311, 42 Pa.C.S.[] § 702(b)); or (4) a collateral order ([Rule] 313).'  *Stahl v. Redcay*, 897 A.2d 478, 485 (Pa. Super. 2006) (citation omitted).

*Commerce Bank/Harrisburg, N.A. v. Kessler*, 46 A.3d 724, 728 (Pa. Super. 2012) (footnote omitted).  At issue here is whether the May 17, 2018 Order is a final and, thus, appealable order.

Appellants' Br. at 14. Specifically, Appellants aver that they were required "to pay amounts beyond and in excess of the demands . . . , to a party which does not own the redeemable [P]roperty and cannot convey said [P]roperty to them[.]" Appellants' Br. at 14-15.

Queensgate contends that "the trial court expected all parties to reappear before it on July 11, 2018 to check on the status of [Appellants'] payment" and, thus, the May 17, 2018 Order "w[ould] not become final until after the scheduled hearing to determine if [Appellants] had completed the redemption process." Queensgate Br. at 17. "If [Appellants] chose not to pay the redemption amount within the time required or before July 11, 2018, the trial court could deny their [M]otion and an appeal could be taken." Queensgate Br. at 18.

During the May 16, 2018 hearing, Appellants agreed to pay Queensgate the ordered redemption amount. At the conclusion of the May 16, 2018 hearing, the following exchange took place:

> THE COURT: Okay. So the redemption petition will be granted. **We will have a status hearing on the payment of the redemption amount**, which is $24,155.86 plus $6.44 a day. And **we'll come back July 11th for status of the payment**.
>
> [FREMPONG]: Thank you, Your Honor.
>
> [QUEENSGATE'S COUNSEL]: **So that will be confirmation that it's been paid or not paid at that point?**
>
> THE COURT: **Yes.** [**Frempong is**] **supposed to bring in proof** that he, in fact, has those funds, but [sic] a check with him that day.
>
> [QUEENSGATE'S COUNSEL]: Yep. **And if he pays earlier we'll just come in and send you a letter or acknowledgment**?
>
> THE COURT: **Terrific**.

8

R.R. at 115a (emphasis added).

Appellants represented to the trial court that they were ready, willing and able to pay the full redemption amount, the trial court was satisfied and granted redemption. In the May 17, 2018 Order, the trial court made its rule absolute, expressly granted the Motion, and specified the amount of money Appellants had to pay, to whom and by when. Although the trial court expected confirmation by July 11, 2018 that Appellants complied with the May 17, 2018 Order, there was nothing more for the trial court to decide after May 17, 2018. Contrary to the positions taken by the trial court[14] and Queensgate, whether the trial court's order was final and appealable is not determined by whether Appellants actually paid the redemption costs.

Moreover, in *City of Philadelphia v. F.A. Realty Investors Corp.*,[15] 146 A.3d 287 (Pa. Cmwlth. 2016), the trial court similarly granted the appellant's redemption petition and ordered the appellant to pay to the intervenor third-party purchaser the specified redemption costs plus interest by a date certain.[16] The appellant appealed from that order to this Court arguing, *inter alia*, that the trial court erred by ordering the appellant to pay the intervenor rather than the City of Philadelphia (City). Despite that the *F.A. Realty Investors Corp.* trial court's order was contingent on the appellant's payment, this Court did not *sua sponte* question its jurisdiction on the basis that the order was not a final order. Although this same trial

---

[14] The trial court stated in its opinion: "Because [Appellants] chose to appeal the May 1[7,] 2018 [O]rder instead of paying the redemption amount as ordered . . . , the trial court did not dispose of [Appellants' Motion]." Trial Ct. Op. at 3-4.

[15] Notably, Frempong was president of F.A. Realty Investors Corp.

[16] Rather than set a future hearing date for payment confirmation as the trial court did in the instant case, the *F.A. Realty Investors Corp.* trial court's order stated that the appellant's failure to pay full redemption by the specified date would result in waiver of the appellant's redemption rights.

court used differing procedural mechanisms, the effect was the same, the redemption was granted and payment was ordered. No further trial court action was necessary.

Because the May 17, 2018 Order "dispose[d] of all claims and all parties," it was a final order.[17] Pa.R.A.P. 341(b). Accordingly, this Court has jurisdiction to consider the merits of Appellants' underlying claims.

**Merits**

Appellants argue that the trial court erred and abused its discretion in its adjudication of the Motion. Appellants specifically claim that since the Motion was filed before the sheriff's deed was acknowledged, the deed should have been stricken, and Appellants were entitled to pay off the City's $13,239.52 judgment plus accrued interest and 10% annual interest on Golden Developers, LLC's deposit.

This Court acknowledges that "'[t]he purpose of sheriff's sales under the [Act] . . . is not to strip the owner of his or her property but to collect municipal claims.' *City of Phila*[.] *v. Manu,* 76 A.3d 601, 606 (Pa. Cmwlth. 2013)." *City of Phila. v. F.A. Realty Inv'rs Corp.*, 95 A.3d 377, 384 (Pa. Cmwlth. 2014) (*F.A. Realty Inv'rs Corp. (2014)*). To that end, Section 31 of the Act states: "Any person interested may, **at any time before the [sheriff's] sale, pay the [tax claim] petitioner** the whole of [its] claim, with interest, costs, charges, expenses, fees and attorney fees, whereupon the proceedings on petition shall at once determine." 53 P.S. § 7281 (emphasis added). Therefore, "[S]ection 31 of the Act provides a property owner the opportunity to stop the sheriff's sale proceedings prior to the sale

---

[17] Moreover, Rule 341's Note specifies that "[a] party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order[.]" Pa.R.A.P. 341, Note. Thus, to the extent Appellants herein challenge the trial court's interlocutory orders denying Appellants' motion to strike or set aside the deed and/or granting Queensgate's Intervention Petition, their appeal from the trial court's disposition of their Motion brought those orders properly before this Court on appeal.

10

upon payment of necessary costs." *F.A. Realty Inv'rs Corp. (2014)*, 95 A.3d at 389. However, once the sheriff's sale takes place, Section 32(a) of the Act provides, in relevant part:

> **The owner of any property sold under a tax** or municipal **claim** . . . **may** . . . **redeem the same** at any time within nine months from the date of the acknowledgment of the sheriff's deed therefor, **upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes** and municipal claims, whether not entered as liens, if **actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of** [**10%**] **per annum thereon, from the time of each of such payments**.

53 P.S. § 7293(a) (emphasis added).[18]  This Court has concluded that owners may seek to redeem their property, as in this case, even before the sheriff's deed is acknowledged.[19]  *F.A. Realty Inv'rs Corp. (2014).*  Notwithstanding, "all costs listed in [S]ection 32(a) [of the Act] are costs [Appellants] must reimburse a purchaser, . . .

---

[18]  [Section 32(a) of the Act] clearly provides that the prior owner in a tax sale retains the right to redeem such property until nine months *after* the deed is acknowledged.  During this redemption period, the prior owner may continue in possession of the property and the purchaser merely holds defeasible title in the property until the redemption period expires.  Upon the expiration of the redemption period, the purchaser holds absolute title to the property and the prior owner loses all rights to possession of the property.

*In re Pittman*, 549 B.R. 614, 624 (Bankr. E.D. Pa. 2016).

[19]  "It is beyond cavil that a bidder at a sheriff's sale, to whom the property has been awarded, has an interest (be it labeled inceptive, inchoate, or equitable) even before the acknowledgment of the sheriff's deed."  *Wells Fargo Bank, N.A. v. Long*, 934 A.2d 76, 80 (Pa. Super. 2007) (quotation marks omitted).  However, "[u]ntil the sale has been consummated by the acknowledgment and delivery of the deed, the debtor is entitled to the possession with all of its attendant advantages."  *Id.* (quoting *Garrett v. Dewart*, 43 Pa. 342 (1862)).

if those costs have been incurred by the purchaser." *Id.* at 386; *see also City of Phila. v. Keilyk*, 551 A.2d 1094 (Pa. Super. 1988).

At the May 16, 2018 hearing, Queensgate's counsel represented that 10% interest paid on the $2,500.00 deposit from January 11, 2018, and on the $21,000.00 paid from February 9, 2018 totaled $24,155.86, and the interest per day was $6.44. *See* R.R. at 114a. Rather than request an accounting, and consistent with their claim in the Motion that they were "ready and able to . . . pay [] the bid or purchase price plus 10% of said price and all incidental expenses as required under [Section 32 of the Act]," R.R. at 29a, Appellants declared that they could and would pay that sum within 30 to 60 days. The trial court ordered Appellants to show proof by July 11, 2018 that it paid Golden Developers, LLC $24,155.86 plus $6.44 per day plus other applicable charges. *See* May 17, 2018 Order.

It is clear based on the law and this record that Appellants had the option of paying US Bank $13,239.52 plus interest, costs, charges, expenses and fees *before* the sheriff's sale, *see* 53 P.S. § 7281, or paying Golden Developers, LLC or its assignees $24,155.86 plus $6.44 per day *after* the sheriff's sale. *See* 53 P.S. § 7293(a). Because Appellants did not act until *after* the sheriff's sale, they were obligated to pay the purchaser the amounts specified in Section 32(a) of the Act to redeem the Property. The trial court's order lists only those redemption costs expressly authorized by Section 32(a) of the Act and which Appellants agreed to pay. Under these circumstances, "[US Bank] will be made whole, the purchaser will be reimbursed any costs incurred during the pendency of the sale, Appellants will retain their property, and the purpose of sheriff's sales under the Act, to obtain delinquent taxes, will be fulfilled." *F.A. Realty Inv'rs Corp. (2014)*, 95 A.3d at 387.

Appellants further assert that the trial court should have stayed the proceedings to prevent the sheriff from acknowledging and transferring the deed after the Motion was filed. However, Appellants do not offer, and this Court did not find,

support either in Section 32 of the Act or the myriad of precedential case law (particularly those in which Appellants have been parties) requiring the trial court or the sheriff to stay proceedings to finalize a sheriff's sale once redemption is sought. Accordingly, the trial court did not err or abuse its discretion in that regard when adjudicating the Motion.

Appellants also contend that Golden Developers, LLC's and/or Queensgate's actions before the Property's transfer violated Appellants' property, contractual and constitutional rights and Appellants should be compensated with an offset to the redemption sum. First, nothing in Section 32(a) of the Act authorizes offsets for trespass or other alleged tortious conduct by a third-party purchaser. Second, Appellants presented no evidence at the May 16, 2018 hearing to support their allegations that any such conduct occurred. The only reference to violative activity by Golden Developers, LLC and/or Queensgate appears in the Motion and in Appellants' brief on appeal to this Court, neither of which are record evidence.[20] The

_____

[20] Appellants argue that the trial court erred and abused its discretion by granting Queensgate's Intervention Petition without documentary proof that Queensgate was Golden Developers, LLC's assignee. *See* Appellants' Br. at 30-31. "[Civil Rule] No. 2327 sets forth four categories of persons who may intervene in an action, including persons who have 'any legally enforceable interest' that may be affected by the outcome of the underlying action. Pa.R.C.P. No. 2327(4)." *Twp. of Radnor v. Radnor Recreational, LLC*, 859 A.2d 1, 5 (Pa. Cmwlth. 2004). "Whether to allow intervention is a matter vested in the discretion of the trial court and the court's decision will not be disturbed on appeal absent a manifest abuse of its discretion." *U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1024 (Pa. Super. 2017) (quoting *Johnson v. Tele-Media Co. of McKean Cty.*, 90 A.3d 736, 739 (Pa. Super. 2014)).

Here, when the Intervention Petition was presented to the trial court (on April 18, 2018), the sheriff had already delivered the deed to Queensgate (on March 1, 2018), making Queensgate the party with the legally enforceable interest. Moreover, the trial court declared based upon the evidence before it that "[Golden Developers, LLC] . . . assigned [its interest] to [Queensgate]." R.R. at 113a. Finally, notwithstanding Appellants' contention, although not evidence, in their brief to this Court, Appellants represented that Golden Developers, LLC "change[d] its name to [Queensgate] with the same principal and same legal representation[.]" Appellants' Br. at 5. If that is the case, Queensgate is Golden Developers, LLC's successor in interest. Regardless, without record evidence that Golden Developers, LLC's assignment or name change to Queensgate was

trial court was bound to award only those costs set forth in Section 32(a) of the Act, which it did. Without record or legal support for Appellants' claims that they are entitled to an offset for Golden Developers, LLC's and/or Queensgate's purported pre- and post-sale tortious activity, the trial court did not err or abuse its discretion by not considering an offset when adjudicating the Motion.

Appellants further contend that the trial court's order was unclear or created an impossible and unreasonable mandate and disregarded the trial court's declarations at the hearing. We agree that the trial court acknowledged Golden Developers, LLC's assignment to Queensgate and granted Appellants 60 days to pay the redemption sums, yet its order specified that Appellants shall pay Golden Developers, LLC within 30 days.[21]

---

fraudulent, this Court has no basis on which to declare that the trial court abused its discretion by granting Queensgate's Intervention Petition.

[21] THE COURT: Are you telling me under oath that you have the ability to make that payment within 30 days?

[FREMPONG]: Your Honor, we're asking for 30 days . . . . We have listed some properties that we are selling.

. . . .

[QUEENSGATE'S COUNSEL]: Yes, Your Honor. We would agree to the 30 days and without – with his right to file another motion to redeem within the nine months period, it's without prejudice. But we would still like a time frame set in the order within 30 days, which I think is reasonable. And then if he doesn't meet it he could actually refile a motion.

THE COURT: He's doing a lot of refinancing. Do you need 60 days? I'm not going to go more than 60 days.

[FREMPONG]: Your Honor, . . . we will go with 60 days.

. . . .

THE COURT: Okay. So 60 days is when, Lori?

COURT OFFICER: That's July 11th, Your Honor.

Notably, the trial court did not explain or correct those errors in its opinion. Notwithstanding, the errors do not affect Appellants' obligation to pay the ordered redemption sum, and an appeal was not necessary to correct them. Rule 1701(b) provides that, even after an appeal is taken from a trial court order, "the trial court . . . may . . . [t]ake such action as may be necessary to . . . correct formal errors in papers relating to the matter . . . ." Pa.R.A.P. 1701(b).

Moreover, although the May 17, 2018 Order afforded Appellants 30 days to pay after the trial court verbally granted them 60 days, the trial court's payment confirmation was not due until July 11, 2018, which was 60 days after the order was issued. Thus, Appellants, in essence, had 60 days to ensure that payment was made. In addition, the May 17, 2018 Order specifically stated: "If [Appellants are] unable to remit said funds directly to the successful bidder for any reason, then [Appellants] shall deposit said funds into an escrow account with the [trial court], Office of Judicial Records, Room 296, City Hall." May 17, 2018 Order. Therefore, if unsure that the trial court intended for them to pay Golden Developers, LLC rather than Queensgate, Appellants could have paid the funds into an escrow account and, thereafter, sought clarification from the trial court. However, rather than pay into an escrow account and seek clarification, Appellants appealed from the trial court's order, thereby further delaying their obligation to pay the redemption amount they agreed upon. In any event, the trial court committed harmless error and did not abuse its discretion when adjudicating the Motion.

Based on the foregoing, the trial court's May 17, 2018 Order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Ceisler did not participate in the decision in this case.

R.R. at 114a-115a.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

U.S. Bank N.A.                          :
                                        :
                    v.                  :
                                        :
                                        :
Agnes Manu and                          :
Steve A. Frempong,                      :         No. 864 C.D. 2018
                    Appellants          :

## O R D E R

AND NOW, this 22nd day of March, 2019, the Philadelphia County Common Pleas Court's May 17, 2018 order granting Agnes Manu's and Steve A. Frempong's Motion to Redeem Premises is affirmed.

_____
ANNE E. COVEY, Judge

16