IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 1686 C.D. 2019 |
| | : | Submitted: April 21, 2023 |
| F.A. Realty Investors Corporation | : | |
| | : | |
| Appeal of: Agnes Frempong and | : | |
| Steve Frempong | : | |

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                          FILED: July 14, 2023


Agnes Frempong and Steve Frempong (collectively, the Frempongs), acting pro se, appeal the orders dated October 9, 2019, in the Court of Common Pleas of Philadelphia County (Common Pleas), which denied their motion to strike the decree directing that a property owned by F.A. Realty Investors Corp. (F.A. Realty), 5800 North 17th Street, Philadelphia (Property), be sold at a sheriff's sale and denied their petition to intervene in the sheriff's sale proceedings. The Frempongs argue, among other things, they were indispensable parties and entitled to intervene because Agnes Frempong acquired a small ownership interest in the Property after the proceedings began, and Steve Frempong was the lessee of the Property. After careful review, we affirm.

## I. Background

On October 16, 2017, the City of Philadelphia (City) filed a petition for rule to show cause why the Property should not be sold at a sheriff's sale. It averred the Property was subject to liens for unpaid water and sewer bills. Common Pleas issued the rule and directed the City to serve all respondents. The City filed affidavits of service on November 13, 2017, and January 24, 2018. The November 13, 2017 affidavit asserted a process server posted the Property's front door. It included a picture of the front door with service attached. The January 24, 2018 affidavit asserted the City mailed service to F.A. Realty at several different addresses, and to various other interested parties, by certified and first-class mail.

Notably, the January 24, 2018 affidavit of service indicated the City served the Frempongs as interested parties. Steve Frempong appears in the record as both the president and a shareholder of F.A. Realty. Reproduced Record (R.R.) at 131a, 187a. On or about November 11, 2017, Steve Frempong signed a deed on behalf of F.A. Realty, recorded on November 13, 2017, transferring a 2.5% ownership interest in the Property to Agnes Frempong. *Id.* at 186a. The Frempongs then began to file a series of pro se pleadings in an attempt to defeat, delay, and undo the sheriff's sale proceedings.

The Frempongs first filed a petition to strike the City's petition and Common Pleas' rule to show cause on September 24, 2018. They averred a challenge to the unpaid water bills underlying the petition was pending before the Tax Review Board, and the City failed to serve them in compliance with statutory provisions commonly known as the Municipal Claims and Tax Liens Act (Act).[1] The Frempongs also filed

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101–7455.

an answer and new matter on November 13, 2018. By order dated December 5, 2018, Common Pleas denied the Frempongs' petition to strike.[2]

Common Pleas held a brief hearing on the City's petition on March 12, 2019, and, on March 13, 2019, docketed a decree directing that the Property be sold at a sheriff's sale. On March 22, 2019, the Frempongs filed a motion for reconsideration, which Common Pleas denied by order dated March 25, 2019. The Frempongs then appealed the March 13, 2019 decree at Commonwealth Court docket number 511 C.D. 2019.[3] A sheriff's sale of the Property occurred on June 19, 2019.

The Frempongs filed numerous pro se pleadings over the next several months, including a motion to strike the sheriff's sale decree on July 8, 2019, and a petition to intervene on September 3, 2019.[4] In their motion to strike, the Frempongs argued a challenge to the unpaid water bills underlying the petition was pending before the Tax Review Board, the City misrepresented their interests in the Property and failed to serve them in compliance with the Act, and Common Pleas failed to conduct an adequate hearing on March 12, 2019. In their petition to intervene, the Frempongs

---

[2] The Frempongs appealed at Commonwealth Court docket number 45 C.D. 2019. On March 28, 2019, the Court dismissed their appeal for failure to pay the filing fee. *See City of Phila. v. F.A. Realty Invs. Corp.* (Pa. Cmwlth., No. 45 C.D. 2019, dismissed March 28, 2019).

[3] The Frempongs requested a stay of post-decree proceedings, which Common Pleas granted until the Frempongs' deadline for filing a concise statement of errors complained of on appeal. They also filed a motion to postpone the sheriff's sale, which Common Pleas denied.

[4] Additionally, the Frempongs filed two motions to redeem the Property, a request that Common Pleas stay the acknowledgement and transfer of the sheriff's deed, and exceptions to the proposed distribution of the sheriff's sale proceeds. The Frempongs withdrew their request that Common Pleas stay the acknowledgement and transfer of the sheriff's deed and their first motion to redeem. Although the Frempongs withdrew their first motion to redeem on August 27, 2019, Common Pleas denied it by order dated October 9, 2019. Common Pleas entered an order dated October 28, 2019, granting the Frempongs' exceptions to the extent that excess proceeds from the sheriff's sale should be used to pay municipal claims in the names of F.A. Realty or Agnes Frempong. It denied the Frempongs' second motion to redeem by order dated November 18, 2019.

contended Agnes Frempong was entitled to intervene as part owner of the Property. The Frempongs averred they were "previously granted intervention as the Motions Court Clerk" had informed them they were respondents to the sheriff's sale petition, but the City later challenged their standing. R.R. at 212a. Therefore, the purpose of their petition was to "correct or cure any defect." *Id.* The petition also referenced documents attached to the Frempongs' March 22, 2019 motion for reconsideration, which included a purported lease of the Property from F.A. Realty as the lessor to Steve Frempong as the lessee.

On October 2, 2019, this Court issued an order granting the City's application to quash the Frempongs' appeal at docket number 511 C.D. 2019. *See City of Phila. v. F.A. Realty Invs. Corp.* (Pa. Cmwlth., No. 511 C.D. 2019, quashed October 2, 2019). The Court offered the following explanation:

> [I]t appears that F.A. Realty . . . was the only named respondent in the action before [Common Pleas]. It further appears that the Frempongs never petitioned Common Pleas for intervention, nor were they given permission to intervene by Common Pleas. Because the Frempongs were not parties to the action before Common Pleas they do not have standing to appeal to this Court.

*Id.*

Common Pleas convened a hearing shortly thereafter, on October 9, 2019, at which it addressed both the Frempongs' motion to strike and petition to intervene.[5] *See* R.R. at 218a-25a. Common Pleas explained it would deny the motion to strike and petition to intervene, citing our order at docket number 511 C.D. 2019. *Id.* at

---

[5] Counsel for F.A. Realty appeared at the hearing with the Frempongs, although the Frempongs have officially remained pro se throughout the proceedings. F.A. Realty filed its own petition to strike the March 13, 2019 sheriff's sale decree on October 8, 2019. Common Pleas denied F.A. Realty's petition by order dated November 18, 2019, and F.A. Realty appealed at Commonwealth Court docket number 1863 C.D. 2019. *See City of Phila. v. F.A. Realty Invs. Corp.* (Pa. Cmwlth., No. 1863 C.D. 2019, filed July 14, 2023).

4

220a-25a. Regarding the petition to intervene specifically, Common Pleas reasoned this Court's order rendered it "moot," because we concluded the Frempongs lacked standing. *Id.* at 221a. Common Pleas continued:

> THE COURT: . . . . [Steve Frempong] cannot intervene. He is not a party. And so I can't then go on my own and say well, yeah, I'm going to allow him to intervene when they just said that he can't. . . .
>
> . . . .
>
> THE COURT: . . . . So [Steve] Frempong has been in front of me several times. Really, my hands are tied with the decision today because of the Appellate Court. I continued it several times because we were waiting for the Appellate Court to come back. I have to deny them because they're not parties. . . .
>
> . . . .
>
> THE COURT: . . . . [T]he Commonwealth Court trumps anything that I do. So if they came back and say no, no, he's not a party, it can't be allowed, I can't let you intervene because they said no.

*Id.* at 222a-24a. Thus, by orders dated October 9, 2019, Common Pleas denied the Fempongs' motion to strike and petition to intervene. Common Pleas' order denying the petition to intervene explained the denial was "per Commonwealth Court Order dated October 2, 2019." *Id.* at 227a. The Frempongs timely filed this appeal.[6]

Common Pleas issued an opinion dated December 7, 2021. Common Pleas explained it denied the Frempongs' motion to strike because they did not establish a

---

[6] This Court granted the City's application to quash the appeal by per curiam order on November 10, 2020, reasoning the Frempongs filed an untimely and difficult to interpret concise statement of errors complained of on appeal. The Frempongs filed a petition for allowance of appeal to our Supreme Court, which granted the application and issued its own per curiam order vacating this Court's decision on June 9, 2021. *City of Phila. v. F.A. Realty Invs. Corp.* (Pa., No. 15 EAL 2021, filed June 9, 2021). The Supreme Court concluded the Frempongs' concise statement was timely filed and sufficiently clear. It remanded for this Court to consider the merits of the Frempongs' issues.

jurisdictional defect, or other fatal defects or irregularities in the record. *Id.* at 243a, 250a-57a. It explained it denied their petition to intervene because of this Court's October 2, 2019 order. *Id.* at 243a. Common Pleas also observed the Frempongs filed a praecipe to attach the deed transferring an interest in the Property to Agnes Frempong to their petition to intervene. *Id.* at 248a. It reasoned Agnes Frempong executed the deed after the City reportedly served its sheriff's sale petition, and the deed "only demonstrated a de[]minimis interest" in the Property. *Id.* Common Pleas explained it "viewed this deed as an improper transaction and remained unconvinced of a viable ownership interest." *Id.* It noted Steve Frempong's close relationship to F.A. Realty and opined the Frempongs were not entitled to intervene because F.A. Realty could likely represent any interests they might possess. *Id.* at 249a.

## II. Discussion

We focus our analysis on the denial of the Frempongs' petition to intervene.[7] The Frempongs argue they were indispensable to the sheriff's sale proceeding and entitled to intervene because Agnes Frempong was a part owner of the Property and Steve Frempong was a lessee. Frempongs' Br. at 19-23, 26, 29-30. The Frempongs argue Common Pleas did not hold an adequate intervention hearing and incorrectly viewed this Court's order quashing their appeal at docket number 511 C.D. 2019 as precluding intervention. *Id.* at 12-13, 17-26, 30-31. They dispute Common Pleas'

---

[7] The Frempongs' arguments challenging the denial of the motion to strike are essentially identical to the arguments F.A. Realty raises in its appeal at docket number 1863 C.D. 2019. *See* Frempongs' Br. at 10-15, 32-61. Given our resolution of the Frempongs' challenge to the order denying their petition to intervene, and our decision in F.A. Realty's appeal, the question of whether Common Pleas should have granted the motion to strike is moot, and we do not consider it further.

6

description of Agnes Frempong's ownership interest in the Property as *de minimis*, emphasizing property rights are constitutionally protected.[8] *Id.* at 19-20, 27.

Whether a person is indispensable to litigation, and whether that same person might otherwise qualify to intervene, are distinct legal questions. Failure to join an indispensable party deprives the court of subject matter jurisdiction. *Polydyne, Inc. v. City of Phila.*, 795 A.2d 495, 496 (Pa. Cmwlth. 2002) (citing *Pa. Game Comm'n v. K.D. Miller Lumber Co., Inc.*, 654 A.2d 6, 9 (Pa. Cmwlth. 1994)). Questions of subject matter jurisdiction are legal questions subject to a de novo standard of review and plenary scope of review.[9] *Off. of Att'y Gen. ex rel. Corbett v. Locust Twp.*, 968 A.2d 1263, 1269 (Pa. 2009) (quoting *Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008)).

A party is indispensable if "his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." *Banfield v. Cortes*, 922 A.2d 36, 43 (Pa. Cmwlth. 2007) (en banc) (citing *Sprague v. Casey*, 550 A.2d 184 (Pa. 1988)). The basic inquiry is "whether justice can be done" in the

---

[8] Both the Frempongs and the City argue waiver with respect to our order at docket number 511 C.D. 2019. Citing Pa.R.A.P. 302, the City argues the Frempongs waived a challenge to Common Pleas' interpretation of the order by failing to question it at the October 9, 2019 hearing. City's Br. at 15-16. Rule 302(a) provides: "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). As Common Pleas raised the applicability of our order at the hearing on October 9, 2019, Rule 302(a) does not apply. The Frempongs, meanwhile, argue Common Pleas waived "the issue of intervention" by not sufficiently explaining its reliance on our order in compliance with our Supreme Court's remand directive. Frempongs' Br. at 14, 23, 25-27. The law the Frempongs cite does not support the proposition Common Pleas can "waive" an order it entered or its arguments in support of that order. Regardless, we find Common Pleas' explanation of its order sufficient.

[9] Stated differently, we do not defer to Common Pleas when reaching our decision, and we review the entire record on appeal. *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1082 (Pa. 2012) (citing *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 29 n.2 (Pa. 2004)).

party's absence. *HYK Constr. Co., Inc. v. Smithfield Twp.*, 8 A.3d 1000, 1015 (Pa. Cmwlth. 2010) (quoting *City of Phila. v. Commonwealth*, 838 A.2d 566, 581 (Pa. 2003)). Our courts sometimes examine the following factors when conducting this inquiry:

> 1. Do absent parties have a right or interest related to the claim? 2. If so, what is the nature of that right or interest? 3. Is that right or interest essential to the merits of the issue? 4. Can justice be afforded without violating the due process rights of absent parties?

*City of Phila.*, 838 A.2d at 581 n.11 (quoting *Mechanicsburg Area Sch. Dist. v. Kline*, 431 A.2d 953, 956 (Pa. 1981)).

We review orders denying intervention to determine whether Common Pleas committed an error of law or abused its discretion. *Wexford Sci. & Tech., LLC v. City of Pittsburgh Zoning Bd. of Adjustment*, 260 A.3d 316, 320 n.3 (Pa. Cmwlth. 2021) (quoting *Pendle Hill v. Zoning Hearing Bd. of Nether Providence Twp.*, 134 A.3d 1187, 1192 n.5 (Pa. Cmwlth. 2016)). Although Section 12 of the Act, 53 P.S. § 7181, provides for intervention and substitution of defendants, Pa.R.Civ.P. 2350 expressly suspends Section 12 "insofar as it relates to intervention in proceedings to enforce municipal claims and tax liens." Therefore, the Pennsylvania Rules of Civil Procedure governing intervention control our decision of this matter. *See U.S. Bank N.A. v. Manu*, 207 A.3d 415, 425 n.20 (Pa. Cmwlth. 2019). They provide:

> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

8

(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

(3) such person could have joined as an original party in the action or could have been joined therein; or

(4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa.R.Civ.P. 2327.

Even if a court determines a petitioner satisfies the requirements of Rule 2327, it may deny intervention when, among other things, "the interest of the petitioner is already adequately represented." Pa.R.Civ.P. 2329(2). A court must generally hold a hearing on a petition to intervene, but "[a] hearing may not be required . . . where it is apparent from the face of the petition that the requirements for intervention have not been met." *Wexford Sci. & Tech.*, 260 A.3d at 324 (collecting cases); Pa.R.Civ.P. 2329.

Initially, Steve Frempong is not an indispensable party. This Court's research has uncovered no binding authority, and the Frempongs have provided none, which indicates a lessee is indispensable to sheriff's sale proceedings under the Act. The Act does not even require service and notice for lessees. Section 39.2(a) of the Act[10] provides notice of a rule to show cause "shall be served by the claimant upon owners, mortgagees, [and] holders of ground rents, liens and charges or estates of whatsoever kind." 53 P.S. § 7193.2(a). The Act requires service and notice for the owners of property and creditors, and Steve Frempong did not fit either category in this case.

Agnes Frempong, in contrast, was a part owner of the Property. In the City's August 14, 2019 answer to the Frempongs' motion to strike, filed before the petition

---

[10] Added by Section 4 of the Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.2(a).

to intervene on September 3, 2019, it "admitted that upon being shown the actual deed transmitting a 2 percent [sic] interest in the [P]roperty the City recognized that [Agnes] Frempong does have an ownership interest." R.R. at 196a. This Court's case law recognizes owners as indispensable to proceedings involving their property. *Fulton v. Bedford Cnty. Tax Claim Bureau*, 942 A.2d 240, 244 (Pa. Cmwlth. 2008) (collecting cases).

Nonetheless, Agnes Frempong did not acquire an interest in the Property until November 2017, *after* the sheriff's sale proceedings were underway. This Court has explained the Act "does not provide the need to join indispensable parties in order for a property to be properly sold at a sheriff's sale" but requires service of interested parties, who may file a petition to intervene. *City of Phila. v. F.A. Realty Invs. Corp.*, 95 A.3d 377, 381-83 (Pa. Cmwlth. 2014). The City had no reason to include Agnes Frempong as a defendant when it began this action. It was Agnes Frempongs' duty to file a petition to intervene once she acquired her interest.

This leaves the question of whether Common Pleas committed an error of law or abused its discretion by denying the Frempongs' petition to intervene under the Pennsylvania Rules of Civil Procedure. We agree with the Frempongs that Common Pleas misapplied this Court's October 2, 2019 order quashing their appeal at docket number 511 C.D. 2019. The fact someone is a nonparty does not prevent him or her from intervening, as Common Pleas reasoned. The purpose of filing an intervention petition is that "a person not a party" with a significant interest in the case may obtain "all the rights and liabilities of a party." Pa.R.Civ.P. 2327, 2330(a). Common Pleas offered additional explanation for denying intervention to the Frempongs, however, reasoning F.A. Realty could likely represent any interests they might possess under

10

Rule 2329(2).[11] Although Common Pleas did not provide the Frempongs with the opportunity to present evidence on their petition at the hearing on October 9, 2019, our review of the record supports Common Pleas' explanation, and it is apparent the Frempongs were not entitled to intervene. *See Wexford Sci. & Tech.*, 260 A.3d at 329.

As we have observed, Steve Frempong is the president, a shareholder, or both with respect to F.A. Realty, and the record demonstrates the Frempongs consistently act through F.A. Realty or on its behalf. In their petition to intervene and praecipe attaching exhibits, the Frempongs relied on the November 2017 deed transferring a 2.5% interest in the Property to Agnes Frempong and on Steve Frempong's lease of the Property from F.A. Realty. Steve Frempong signed the November 2017 deed as F.A. Realty's president. R.R. at 187a. Agnes Frempong, meanwhile, served as F.A. Realty's representative and signed Steve Frempong's lease. *Id.* at 192a. During the hearing on October 9, 2019, F.A. Realty's counsel acted as the Frempongs' personal attorney would, supporting their petition to intervene and offering Steve Frempong's views. *See id.* at 222a-24a (Counsel stating: "I have Supreme Court case law that says that intervention can take place after judgment. So I think it's something the Court can entertain. . . . [W]hat [Steve] Frempong is concerned with is the motion for intervention . . . ."). Ultimately, the Frempongs raised arguments in this appeal that are essentially identical to the arguments F.A. Realty raised in its own appeal at docket number 1863 C.D. 2019. This further confirms the Frempongs' interests are indistinguishable from F.A. Realty's interests in this case.

---

[11] Neither Common Pleas nor the Frempongs discuss whether the Frempongs met the requirements of Rule 2327. The Frempongs seem to argue Rule 2327 does not apply to them because they "have a right to intervene . . . but not a right to seek intervention as [Common Pleas] presumed." Frempongs' Br. at 21. The Frempongs go on to maintain, without a clear explanation, that they "sufficiently complied with said Pennsylvania Rules of Civil Procedure." *Id.* at 22.

11

### III. Conclusion

We conclude the Frempongs' challenge to Common Pleas' October 9, 2019 order denying their petition to intervene is meritless because F.A. Realty adequately represents their interests. In addition, the Frempongs' challenge to Common Pleas' October 9, 2019 order denying their motion to strike is moot based on our conclusion regarding intervention and our disposition in F.A. Realty's appeal at docket number 1863 C.D. 2019. We therefore affirm the orders dated October 9, 2019.

 

 

_____
STACY WALLACE, Judge

 

Judge Fizzano Cannon concurs in result only.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia              :
                                     :
          v.                :   No.  1686 C.D. 2019
                                     :
F.A. Realty Investors Corporation   :
                                     :
Appeal of:  Agnes Frempong and   :
Steve Frempong                  :

# **O R D E R**

      **AND NOW**, this 14th day of July 2023, the orders of the Court of Common Pleas of Philadelphia County, dated October 9, 2019, which denied the motion to strike and petition to intervene filed by Agnes Frempong and Steve Frempong, are hereby **AFFIRMED**.

                                            _____
                                            STACY WALLACE, Judge